JOHN BUHRENS, Respondent, v. THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Appellant.

*Negligence — when an error of judgment is not — the rights of horse cars in respect to points where their tracks cross intersecting streets are the same as those of other vehicles.*

In an action, brought to recover damages on account of personal injuries received by the plaintiff, who was a baker, it appeared that on the morning of December 15, 1884, he was driving his wagon through Pike street, towards East Broadway, New York, in which latter street the defendant's horse railroad tracks were laid. The morning was dark and it was raining hard, but the electric lights were burning and a person could see a distance of three-quarters of a block away. When the plaintiff reached the corner of the street he looked out of the wagon and saw a car coming terribly fast about seventy feet away. The plaintiff's horse was then about ten feet from the car track. There was a hill down which the car was coming, and on account of the rain the tracks were slippery. The street where the plaintiff was traveling was level.

Upon the trial, when asked why he did not stop when he saw the car only seventy feet away, he replied, "The car had just as much time as I did to stop," and stated that he did not make any attempt to check his speed at all but pushed right ahead. The car struck the hind wheel of the wagon, tilted it over, and plaintiff was injured.

Upon the hearing of an appeal from a judgment entered in the plaintiff's favor it was claimed that the uncontradicted facts showed contributory negligence, in that, as the plaintiff saw the defendant's car approaching at an excessive rate of speed, it necessarily followed that he was negligent in pursuing his course.

*Held*, that, assuming that the plaintiff saw the car approaching very fast, still, as there was nothing to indicate to him that it was not under the control of the driver, he had a right to believe that the latter would exercise proper care; and although subsequent events proved that he had erred in his conclusion that he could drive clear of the approaching car, that it was a mere error of judgment and did not necessarily constitute negligence, when the proof showed that if the car had been properly managed he would have been enabled to cross in safety.

It was claimed upon the part of the defendant that it had the right of way, and that, therefore, it was the duty of the plaintiff to stop in order to allow the car to pass.

*Held*, that while it was well settled that street railway cars have to a certain degree a right of way over their tracks in respect to vehicles passing in a direction the same or opposite to that of their cars, within the space embraced within their tracks, yet, in respect to those points where the tracks cross other streets, there is no reason and no necessity of giving vehicles of this description any such exclusive right over vehicles crossing their tracks.

That their use of the streets at such points is of precisely the same nature and character as that of other vehicles, and their right to the street, and their use thereof, in respect to other vehicles, are precisely the same as those of such other vehicles.

That the judgment should be affirmed.

APPEAL from a judgment in favor of the plaintiff, recovered on the verdict of a jury for $1,000, rendered at the New York Circuit, which was entered in the office of the clerk of the county of New York on February 13, 1888; and also from an order denying a motion, made on behalf of the defendant on the minutes of the justice presiding at the trial, for a new trial.

*J. M. Scribner*, for the appellant.

*W. H. Townley*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages on account of personal injuries received by the plaintiff. The plaintiff is a baker. On the morning of December 15, 1884, he was driving his wagon through Pike street, towards East Broadway. The defendant's tracks are in the latter street, the down track being the one nearer the north side. The morning was dark and it was raining hard, but the electric lights were burning and a person could see a distance of three-quarters of a block away. When the plaintiff reached the corner of the street he looked out of the wagon which had open sides, and saw a car coming terrible fast, about seventy feet away; the plaintiff's horse at the same time being about ten feet from the car track. There was a hill down which the car was coming, and on account of the rain the track was slippery. The street where the plaintiff was traveling was level. When asked why he did not stop when he saw the car coming, only seventy feet away, he replied, " The car had just as much time as I did to stop," and that he did not make any attempt to check his speed at all but pushed right ahead. The car coming along struck the hind wheel of the wagon, tilted it over and the plaintiff was injured. The jury rendered a verdict for the plaintiff, and from the judgment thereupon entered this appeal was taken.

The ground upon which the appellant claims a reversal is, that the uncontradicted facts show contributory negligence, in that as

the plaintiff saw the defendant's car approaching at an excessive rate of speed, it necessarily follows that he was negligent in pursuing his course.

It appears that the plaintiff was driving slowly, and that all of the wagon except the hind wheel cleared the car, which shows that the plaintiff's opinion that he could pass the car safely was not entirely without foundation, and if the latter had been properly managed would have been undoubtedly correct.

Assuming that the plaintiff saw the car approaching very.fast, still there was nothing to indicate to him that it was not under control of the driver, and he had a right to believe that the latter would exercise proper care. The plaintiff supposed he would clear the car, and, although subsequent events proved that he erred in this conclusion, a mere error of judgment was not necessarily negligence when the proof shows that had the car been properly managed, as the plaintiff had a right to assume it would be, he would have been enabled to cross in safety.

From these facts it being possible to draw an inference that the plaintiff had not been guilty of negligence in attempting to cross, under the circumstances disclosed, the question of negligence necessarily became a question for the jury, and it was for them to say whether the plaintiff had proved himself to be free from negligence or not.

It is not the province of the court to determine this question, where it is possible to draw different inferences or conclusions from the facts disclosed. It is true that the plaintiff stated after the accident that the car had just as much time as he had to stop; but this indicated nothing except the fact which was self evident, and the car would, if properly managed, have had more time to stop than the plaintiff.

It is claimed upon the part of the defendants, however, that they had the right of way, and therefore it was the duty of the plaintiff to stop to allow them to pass. It is undoubtedly well settled that street railway cars have, to a certain degree, the right of way over their tracks in respect to vehicles passing in the same or opposite directions to the cars within the space embraced between their tracks. This right has been conceded to vehicles of the description of street cars, simply because of the necessities of the situation.

A street car is confined to its track; it cannot turn out to pass a vehicle which is proceeding in the same direction with it at a slower pace, neither can it turn out to avoid a vehicle passing in an opposite direction. And it is because of this inability and the fact that their calling could not be pursued without giving them this right that it has been held that they have the right of way within the limitations already mentioned. But in respect to those points where their car tracks cross other streets, there is no reason and no necessity for giving to vehicles of this description any such exclusive right. Their use of the streets at such points is of precisely the same nature and character as that of other vehicles, and their rights to the street and the use thereof in respect to other vehicles are precisely the same as those of such other vehicles. There is no necessity for adjudging to them any right of way, as their construction and method of propulsion is in no greater respect interfered with, under such circumstances, than are those of other vehicles. We do not, therefore, concede the claim upon the part of the defendants, that they had a right of way, and that they had a right to assume that the plaintiff would stop to allow their car to pass, but that the plaintiff had a right to assume that the car would give him the way to which he was entitled by the fact of the position which he had attained at the crossing.

The only exception to which it is necessary to call attention is the exception to the question where the plaintiff's counsel was allowed to ask the driver if he had not been previously discharged from another road. This ruling was probably erroneous. But as in his answer the witness admitted the fact, further stating that he was discharged on account of political influence, the error was harmless.

We are of the opinion, therefore, upon the whole case, that it was a question for the jury to determine as to whether, under the circumstances of the case, the plaintiff had shown himself to be free from contributory negligence or not, and it was not error to submit this question to them for their consideration.

The judgment appealed from must be affirmed, with costs.

CULLEN, J., concurred.

Judgment affirmed, with costs.