DETERMINED IN THE

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,

### April, 1897.

---

IMOGENE MAUD LOUDOUN, Respondent, *v.* THE EIGHTH AVENUE RAILROAD COMPANY and THE THIRD AVENUE RAILROAD COMPANY, Appellants.

*Negligence — collision between street cars — burden of proof — evidence as to the physical condition of the plaintiff two years before the accident — general objection made at the close of the testimony — criticism of professional witnesses as to disclosures made by them.*

In an action brought to recover damages for injuries caused by the defendant's alleged negligence, it appeared that a car of the Third Avenue Railroad Company, whose tracks intersect those of the Eighth Avenue Railroad Company, struck, at its extreme rear end, a car of the latter company, in which the plaintiff was a passenger.

*Held,* that, the colliding vehicles being such as were used upon public streets, it was the duty of the Eighth Avenue Company to show that it had used care in the management of its vehicle;

That the Eighth Avenue Company was bound, even though it would have involved the yielding of the right of way, to have avoided the collision if possible;

That, as there was no evidence but that with the use of care the plaintiff might have been preserved from injury, a judgment against that company would not be disturbed;

That it was apparent, from the fact that the Eighth avenue car was struck at its extreme rear end, that that company had secured the right of way, and that, therefore, the cars being street vehicles, whose movements were regulated by the ordinary rules governing the passage of cars over streets, it must, in the absence of evidence, be concluded that the Third Avenue Company was negligent in not stopping its car so as to permit the car of the Eighth Avenue Company to cross the Third Avenue Company's tracks in safety;

That testimony given by a physician who treated the plaintiff before the accident, but was unable to state from memory whether it was six months or two years before, as to her then physical condition, was not so remote as to be incompetent;

That a question asked a medical expert, "In your opinion what will be the result of those injuries from which you found Mrs. Loudoun (the plaintiff) suffering, in the natural and ordinary course of events," was not objectionable, in that it did not call for what, *with reasonable certainty,* would be the result of the injury in the natural and ordinary course of events, as that which happens *in the natural and ordinary course of events,* may be assumed to happen *with reasonable certainty.*

Upon his cross-examination this physician, in response to the question, "You base your answer to the question respecting the probable result of this injury upon what you have learned from the patient, from the history of the case as it has been told you?" replied, "Partially, and from my observation."

A motion was made by the defendant at the close of the testimony to strike out the testimony of this witness "as to permanency of injury, on the ground that the evidence is incompetent, and there is no sufficient basis of fact, in evidence before the jury, for the opinions expressed are not fully in evidence."

*Held,* that it was not error for the court to deny the motion, as the objection was not connected with the introduction of any evidence, and in no way called the attention of the court to the specific defect complained of, which might have been remedied had attention been called to it.

Where a physician has violated his duty in disclosing professional communications, it is not improper for the court to permit counsel to reflect upon his character, and to read to the jury the section of the Code of Civil Procedure prohibiting such disclosures.

Counsel have a right to criticise the conduct of witnesses, and to draw the attention of the jury to it.

APPEAL by the defendants, The Eighth Avenue Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of October, 1896, upon the verdict of a jury, and also from two orders entered in said clerk's office on the 26th day of October, 1896, denying each defendant's motion for a new trial made upon the minutes.

*John M. Scribner,* for Eighth Avenue Railroad Company, appellant.

*Henry L. Scheuerman* and *Albert H. Walker,* for Third Avenue Railroad Company, appellant.

*C. N. Bovee, Jr.,* and *J. Baldwin Hands,* for the respondent.

VAN BRUNT, P. J. :

The plaintiff sued to recover damages which she sustained from a collision between a car of the Third Avenue Railroad Company and a car of the Eighth Avenue Railroad Company, on which latter she was a passenger. The evidence showed that the plaintiff entered an Eighth avenue open summer horse car at Eighty-sixth street, intending to ride to One Hundred and Thirty-first street. The seats of the car ran transversely, and at the time of the collision the plaintiff was sitting at the extreme westerly end of the rear seat of the car, her husband sitting next to her towards the east. As the Eighth avenue car was crossing One Hundred and Twenty-fifth street, a cable car of the Third Avenue Company was coming along that street from the west and struck the horse car on which the plaintiff was riding and threw it off the track against a column of the elevated railroad. The position of the plaintiff was such that the cable car struck against her back, injuring it, as she claimed, and causing certain bruises and contusions in other parts of her body.

Considerable evidence was given in reference to the extent of the injuries which the plaintiff had sustained, and the case being submitted to the jury they found a verdict for the plaintiff. A motion was made by each of the defendants for a new trial upon the minutes, which was denied, and from the judgment thereupon entered and from the orders denying such motions for a new trial these appeals are taken.

It is claimed by each of these appellants that the court erred in refusing to dismiss the complaint upon the ground that there was no proof tending to show that either of them was guilty of negligence. The plaintiff was a passenger upon the car of the Eighth Avenue Railroad Company, and that company owed to her the duty of using care to prevent injury being inflicted upon her while such passenger; and the evidence showing that both the colliding vehicles were such as were used upon the public streets, the happening of the accident imposed upon the defendant, the Eighth Avenue Railroad Company, the duty of showing that it had used care in the management of its vehicle.

While it may be true that the rule referred to in the case of *Breen* v. *N. Y. Cen. & H. R. R. R. Co.* (109 N. Y. 297) depends upon the fact that the thing causing the injury was under the con-

trol of the party sought to be held responsible, yet the converse of the proposition is not always necessarily applicable. A carrier has no right to imperil the lives and safety of passengers by insisting upon his legal rights. His primary duty is the care for the safety of his passengers and not the assertion of his full legal privileges. The Eighth Avenue Railroad Company was bound, even by a yielding of the right of way which it seems to have possessed, to have avoided this collision if it were possible, and there is no evidence but that with the use of care the plaintiff might have been preserved from injury while riding upon the car in question.

The negligence of the Third Avenue Railroad Company seems to be even more apparent. These cars were street vehicles and their movements were regulated by the ordinary rules governing the passage of vehicles across streets and avenues. The Eighth avenue car apparently had the right of way, because it was struck at the very rear end of the car, showing that it had almost got across the track of the Third Avenue railroad before the collision took place. In the absence of any evidence, the necessary conclusion to be drawn from this state of facts was that the Third Avenue Railroad Company was in fault. Its car should have been stopped in order to allow the Eighth avenue car to complete the crossing of its tracks in safety.

There are certain exceptions to the admission of evidence, and to the rulings of the court in regard to the privileges of counsel, which it is necessary to notice. It is claimed that it was error to allow Dr. Phelps to testify as to the physical condition of the plaintiff prior to the happening of the accident, because the knowledge which he had in regard to her previous condition was of a period too remote for the testimony to be competent. It appears that some three or four years before the doctor had treated the plaintiff. It also appears that subsequent to that time he had seen her. He was unable to state from memory whether it was six months or two years before, but he testified as to her physical condition then and as to her condition at the time he made the examination, shortly before the trial. We think that this evidence was entirely competent. He was testifying as to knowledge which he had obtained in regard to her condition within a period of from six months to two years prior to the happening of the accident, and it was not so remote

but that it formed some basis for a comparison between her then condition and that which she exhibited at the time of the examination before the trial.

It is also claimed that the court erred in its rulings in regard to the evidence of Dr. Phelps in reference to the permanency of the injuries which the plaintiff had sustained. Dr. Phelps was asked : " In your opinion what will be the result of those injuries from which you found Mrs. Loudoun suffering, in the natural and ordinary course of events ?" His answer was : " I think that while her disability may possibly improve to some extent, which is uncertain, I believe the disability which she has is permanent." The question was objected to, and a motion was made to strike out the answer as not proper testimony of permanent injury, as too uncertain and indefinite. The motion was denied and an exception taken. It is claimed that the question should have called for what, with reasonable certainty, would be the result of the injury in the natural and ordinary course of events. We do not see the force of this objection to the form of the question. That which happens in the natural and ordinary course of events may, it seems to us, be assumed to happen with reasonable certainty. A natural result is one which may always, with reasonable certainty, be expected.

On cross-examination Dr. Phelps was asked : " You base your answer to the question respecting the probable result of this injury upon what you had learned from the patient, from the history of the case as it has been told you ?" He answered : " Partially, and from my observation." In view of this question and answer it is claimed that it was error not to grant the motion which was made at the end of all the testimony, " to strike out the testimony of Dr. Phelps as to permanency of injury on the ground that the evidence is incompetent, and there is no sufficient basis of fact in evidence before the jury, for the opinions expressed are not fully in evidence." This motion in no way called the attention of the court to any objection based upon the answer of Dr. Phelps upon cross-examination above mentioned. It was a general motion made after the case had been entirely closed ; it was not connected with the introduction of any evidence, and in no way called the attention of the court to any facts or features which might have been easily supplied had mention been made of the specific-defect.

Various objections have been raised as to the court-permitting the counsel to reflect upon the character of one of the medical witnesses for the defense, and because the counsel was allowed to read the sections of the Code prohibiting the disclosure of communications made to an attorney or physician in his professional capacity. Upon an examination of this record it would appear that there had been a disclosure, by the physician criticised, of facts which he had obtained as the physician of the plaintiff. This was done regularly and systematically, was a flagrant violation of the duty which he owed to his patient, and a contempt of the law which prohibits such disclosures. Under these circumstances, the counsel was justified in calling the attention of the jury to the fact of this violation of law, of this failure of appreciation of the duties of a professional man to his patient, and of the flagrant abuse of the position which he occupied. It cannot be said that any too severe language was used in criticising the conduct of a physician who would thus betray his patient. Counsel have a right to criticise the conduct of witnesses. If it is the subject of an inadversion they have a right to bring the attention of the jury to it, and it is not error in the court to permit counsel to exercise this right. That was all that was done in the case at bar. This physician had been guilty of the grossest violation of his duty, as already stated, and was open to the severest criticism and condemnation.

There are other exceptions in the case, but they do not seem to be of sufficient gravity to need special discussion, and upon a consideration of the whole case, we think that the judgment and orders appealed from should be affirmed, with costs.

RUMSEY, PATTERSON and PARKER, JJ., concurred; WILLIAMS, J., dissented.

Judgment and orders affirmed, with costs.