O'ROURKE v. YONKERS R. CO.

(Supreme Court, Appellate Division, Second Department. June 28, 1898.)

1. STREET RAILROADS—RIGHT OF WAY.
As between a trolley car running on a city street, and the driver of a wagon crossing its tracks in the line of an intersecting street, the former has no superior right of way.

2. JUROR—COMPETENCY—WAIVER OF OBJECTIONS.
By failing to challenge a juror, a party not only waives any objection to his competency, but also any objection to the rulings of the court on his examination.

3. SAME—EXAMINATION.
A question put to a juror, upon his examination before being sworn, which involves propositions of law, as to which a fair and competent juror might well be ignorant, and which, without explanation, even an educated layman might not clearly comprehend, is properly excluded by the court.

Appeal from trial term, Kings county.

Action by William O'Rourke, administrator of John O'Rourke, deceased, against the Yonkers Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John F. Brennan, for appellant.
Arthur J. Burns, for respondent.

CULLEN, J. The plaintiff's intestate was killed by being thrown from an ice wagon by a collision between a trolley car and the wagon. The ice wagon was proceeding in the line of Hudson street, which intersects Riverdale avenue, on which was the defendant's railroad. The driver of the wagon testified that, as soon as he reached the house line on Riverdale avenue, he looked up and down the avenue, and saw no car, and thereupon proceeded to cross the railroad. When his team was on the track he discovered the approach of a car, then distant 25 to 30 yards, when he called to the motorman to stop. The car continued in its course, and struck the front wheel of the ice wagon. Several bystanders testified that when the horses of the ice wagon first reached the rails the car was distant from the crossing from 60 to 75 feet, going very fast. As the wagon was proceeding in the line of an intersecting street, the car had no superior right of way. Buhrens v. Railroad Co., 53 Hun, 571, 6 N. Y. Supp. 224; O'Neil v. Same, 129 N. Y. 125, 29 N. E. 84; Zimmerman v. Railway Co., 3 App. Div. 219, 38 N. Y. Supp. 362; Brozek v. Railway Co., 10 App. Div. 360, 41 N. Y. Supp. 1017. And it is plain that on the facts thus narrated the question of the defendant's liability was for the jury.

The only exception taken by the appellant is to the ruling of the court excluding certain questions put to the jurors when they were called, and before they were sworn. No challenge was interposed to any juror, and the questions seem to have been put quite informally. The action of the trial court complained of is not subject to review.

Section 1180 of the Code is explicit, that an objection to the qualification of a juror is available only upon a challenge. The jurors to whom these questions were put were not challenged on any ground, and by failing to challenge a juror the appellant not only waived any objection to his competency, but also any objection to the rulings of the court on his examination. Stedman v. Batchelor, 49 Hun, 390, 3 N. Y. Supp. 580. If we thought that the appellant had been in any wise prejudiced by these rulings, it would be within our power to grant relief on the appeal from the order denying the defendant's motion for a new trial. But the questions put to the jurors involved propositions of law, as to which a fair and competent juror might well be ignorant, and which, without explanation, even an educated layman might not clearly comprehend. The court of appeals has condemned such an examination of jurors. People v. McLaughlin, 150 N. Y. 365, 44 N. E. 1017. There are well-founded technical criticisms to be made on each of the questions excluded. The plaintiff and his intestate are confused in one of the questions; the hypothesis is put, of the deceased making certain proof in court. In the other questions the hypothesis is that the plaintiff, instead of his intestate, should be free from personal negligence. We attach no importance to these errors, for we understand the point to which the appellant's questions were directed. But if the appellant's counsel, a trained lawyer of no small experience or mean ability, found it difficult to frame, on the spur of the moment, accurate legal propositions, why should laymen called as jurors be expected to answer the questions correctly? This merely shows that the court was wise in refusing to permit such an examination. Surely, the verdict was very moderate in amount.

The judgment and order appealed from should be affirmed, with costs. All concur.