FALKE v. SECOND AVE. R. CO. et al.

(Supreme Court, Appellate Division, Second Department.      February 7, 1899.)

1. STREET RAILROADS—COLLISION—NEGLIGENCE—PRESUMPTIONS.
    A passenger in a street car, suing for injuries caused by a collision
    between it and the car of another railroad company, must prove that
    such other company was negligent, as its negligence will not be pre-
    sumed merely from the happening of the collision.

2. SAME—APPEAL—INSTRUCTIONS—ERROR CURED.
    Error in charging that the happening of a collision between defendant's
    street car and the car of another, in which plaintiff was a passenger,
    makes it incumbent on defendant to prove that it was not negligent, is
    not cured by the granting of a request to charge that the mere fact that
    defendant's car struck the blow does not prove negligence on its part.

Appeal from trial term, New York county.

Action by Caroline Falke against the Second Avenue Railroad
Company and the Third Avenue Railroad Company.      From a judg-
ment for plaintiff, and order denying a motion for a new trial, the
Third Avenue Railroad Company appeals.      Transferred from First
to Second department.      Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

Herbert R. Limburger (Alfred Lauterbach, on brief), for appellant.
Edward C. James (Julius Lehmann, on brief), for respondent.

CULLEN, J. This action was brought to recover damages for personal injuries sustained through a collision between a Second Avenue horse car, on which plaintiff was a passenger, and a Third Avenue cable car. At the point where the collision occurred the roads of the two companies intersect substantially at right angles. The evidence was sufficient to justify the jury in finding that the collision was occasioned by the appellant's negligence. But we feel constrained to reverse the judgment for what we regard a substantial error in the charge. The learned trial court said to the jury:

"The accident which happened in this case—a collision between two cars running upon tracks which crossed each other—was one which, in the ordinary course of events, would not have happened unless some one had been guilty of negligence, and hence the mere fact that such an accident happened at all raised at once sufficient presumption of negligence upon the part of the defendants to make it incumbent upon them to produce evidence to show, as to each of them, that it, at least, had not been guilty of such negligence."

To this charge the appellant excepted. Doubtless, from the mere occurrence of the collision, the presumption of negligence arises, and, had the action been against a defendant in the control and operation of both cars, such a defendant would be properly called upon for an explanation. In such a case the charge of the trial court would have been correct. But in the present case two different parties controlled the operation and management of the cars. There were two actors in the collision, the driver of the Second Avenue car and the gripman of the Third Avenue car. It was entirely possible, and also entirely probable, that the collision might have been due solely to the fault of one of the parties, and that the other might have been in no way to blame. Therefore the presumption of negligence arising from the accident did not tend to inculpate either party. Proof that one of two or more parties must have committed a tort, or became subject to a contract liability, does not establish the liability of any particular one of the parties, nor subject any party to the burden of explanation. Of course, this would not be applicable to the case of the Second Avenue Railroad Company, which assumed by contract the duty of transporting safely its passengers, so far as human care and foresight could accomplish that result, and of guarding and protecting them, even as against the negligence of other parties. But the appellant stood in no contractual relation to the plaintiff, and before it could be put on its defense, or called on for explanation, it was necessary for the plaintiff to present proof tending to establish that it was negligent; not merely that it or its co-defendant was negligent. Doubtless the details and circumstances attending the collision might establish the negligence of the appellant, and, in fact, that is the only way in which such negligence could be established. This is all that Loudoun v. Railroad Co., 16 App. Div. 152, 44 N. Y. Supp. 742, is authority for. But that is a very different proposition from the one charged by the court,—that the occurrence of the accident raised a presumption of negligence against each company.

The learned counsel for the respondent contends that this error of the court was cured by a subsequent instruction to the jury. The rule is that, "to obviate an erroneous instruction upon a material point, it must be withdrawn in such explicit terms as to preclude the inference that the jury might have been influenced by it." Chapman v. Railway Co., 55 N. Y. 579. The appellant presented to the court 20 requests to charge. Its eighth request was: "No inference of negligence against the defendant Third Avenue Railroad Company must be drawn simply because of the occurrence of the accident." This was refused, and the appellant excepted. The nineteenth request is substantially a repetition: "The mere fact that there was a collision between the two cars does not arouse any presumption that the defendant Third Avenue Railroad Company was negligent." This also was refused, and the appellant excepted. The appellant's tenth request to charge was: "If either the conclusion of the negligence of the Third Avenue Railroad Company or the absence of negligence on its part may, with equal fairness, be drawn, then no verdict can be rendered against the Third Avenue Railroad. The mere fact that the cable car struck the blow does not prove negligence on the part of the defendant the Third Avenue Railroad Company." The court charged this request. It is claimed that the latter part of this request, "The mere fact that the cable car struck the blow does not prove negligence on the part of the defendant the Third Avenue Railroad Company," not only covers the two other requests alluded to, but operates as a retraction of the previous charge by the court that the occurrence of the accident called upon each defendant for explanation. We do not so construe it, and it is very plain that the trial court did not regard this instruction as inconsistent with its previous charge, or otherwise it would not have declined to charge the eighth and nineteenth requests. We regard this portion of the tenth request as merely instructing the jury that the negligence of the Third Avenue Railroad Company was not necessarily or conclusively established by the fact that it was the car of that company which struck the blow, but not as dealing with the question of presumption, or the necessity for explanation. The presentation to the court of a great number of requests to charge, many of them covering either the same ground, or containing substantially the same legal proposition, and varying only in form of expression, is not to be commended. In dealing, on the spur of the moment, with such a series of propositions, the ablest judge will at times be betrayed into inaccuracies or into trifling errors. Of course, there was no necessity in this case for the presentation of 20 separate and distinct propositions to the jury. Had there occurred some slight error in the rulings on such requests, we would not feel compelled to reverse a judgment on account of such error in a case where the main charge had been fair, and had correctly stated the law. So, in the present case, if the error which we have discussed had arisen only on the requests to charge, we are by no means prepared to say that we would have given effect on this appeal to the appellant's exception. But the error of the learned judge occurred in the body of the charge, when the court was first announcing to

·the jury the rules of law applicable to the case, and which should govern their disposition of it. The appellant seasonably and properly excepted to it, and we think it was entitled to a full and complete retraction.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.