### ROBINSON v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. TRIAL—DISMISSAL OF COMPLAINT—EVIDENCE.
     On a motion to dismiss the complaint, plaintiff is entitled to have the evidence considered in the light most favorable to him, and is entitled to the benefit of all inferences that can be drawn from it.

2. STREET RAILROADS—COLLISION—CONTRIBUTORY NEGLIGENCE.
     The driver of a wagon has a right to presume that the operatives of a street car will use proper care to avoid a collision.

3. SAME—QUESTION FOR JURY.
     In an action against a street railroad company for injuries sustained in a collision between a car and wagon in which plaintiff was riding, the question of contributory negligence *held* one for the jury.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by John Robinson against the New York City Railway Company. From a judgment in favor of defendant, dismissing the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Roy M. Robinson, for appellant.
Henry W. Goddard and William E. Weaver, for respondent.

BISCHOFF, J. This is one of the ordinary actions for damages for personal injuries alleged to have been sustained by reason of a collision between one of defendant's southbound cars on Amsterdam avenue, at 157th street, and a wagon in which plaintiff was riding. In determining whether or not the dismissal of the complaint in this case was proper, the rule is well settled that the plaintiff is entitled to have the evidence considered in the light most favorable to him, and is entitled to the benefit of all inferences that can be drawn from it. We have carefully examined the testimony, and are clear that it cannot be held, as a matter of law, that the driver of the wagon was guilty of contributory negligence. The driver was crossing Amsterdam avenue with two horses attached to a large furniture van; the horses on a trot, traveling at the rate of from five to six miles an hour. As he entered upon the avenue he looked both ways for an approaching car, and saw one about 40 feet north of 158th street. The avenue at this point was

¶ 1. See Trial, vol. 46, Cent. Dig. § 374.

shown to be $60^{10}/_{12}$ feet wide, and the car tracks are in the center of the avenue. He continued on his way, and the hind wheel of his wagon was struck as he was crossing the westerly car tracks. The force of the impact threw the van a distance of 37 feet, overturning it, and causing the injuries for which the plaintiff, who was riding in the van, sued to recover damages. Assuming that the plaintiff saw that the car was approaching very fast, still there was nothing to indicate to him that it was not under the control of the driver, and he had a right to believe that the latter would exercise proper care. The plaintiff supposed that he could clear the car, and, although subsequent events proved that he erred in this conclusion, a mere error of judgment was not necessarily negligence, as the plaintiff had a right to assume that it would be possible he would have been enabled to cross in safety. Buhrens v. Dry Dock, E. B. & B. R. R. Co., 53 Hun, 571, 6 N. Y. Supp. 224; Johnson v. Rochester Ry. Co., 61 App. Div. 12, 70 N. Y. Supp. 113.

Upon all the facts and circumstances shown by the testimony given herein, the case should have been submitted to the jury, or entertained by the court as a question of fact as to whether or not the driver was negligent; and, as there must be a new trial, it is not necessary to now discuss the point as to whether or not the negligence of the driver, if any there was, is imputable to the plaintiff.

Judgment reversed. New trial ordered, with costs to appellant to abide the event. All concur.