Supreme Court, Appellate Term, March, 1910.     [Vol. 67.

THOMAS F. WHITE & COMPANY, Respondent, *v.* ADRIAN H. JOLINE and DOUGLAS ROBINSON, as Receivers of the New York City Railway Company, Appellants.

(Supreme Court, Appellate Term, March, 1910.)

Street railways — Operation:    Collision with vehicles — Right of way over tracks:    Actions — Sufficiency of evidence — Negligence on · part of company in general; Contributory negligence.

The right of street cars at points where their tracks cross other streets is the same as that of other vehicles and their rights to the street and the use thereof in respect to other vehicles are the same and they are not entitled to any right of way, since their construction and method of propulsion are no more interfered with under such circumstances than those of other vehicles.

Where, after a collision between a street car and a truck at a · street crossing, the condition and position of the vehicles are such as to show that the truck had nearly crossed the track when it was struck with great violence by the car, it is evident that the car was not under proper control by the motorman; and the fact of its rapid and unslackened approach would indicate that when the plaintiff's driver first began to cross the tracks the car was at such a distance that he could safely have crossed if the motorman had exercised due care; and the negligence of the defendant and the freedom of the plaintiff from contributory negligence are sufficiently established.

APPEAL by the defendants from a judgment of the Municipal Court of the city of New York, third district, borough of Manhattan, in favor of the plaintiff, rendered after a trial by the court without a jury.

Dexter, Osborn & Fleming (Anthony J. Ernest, of counsel), for appellants.

Alfred J. Talley, for respondent.

GIEGERICH, J.    This is an action to recover damages for an injury to a truck belonging to the plaintiff.    The truck

was injured in a collision with a street car operated by the defendants as receivers of the railway company.

The defendants answered the complaint by a denial of all the allegations concerning the injury and the manner in which it was caused.

The defendants offered no evidence but, at the close of the plaintiff's case, moved for a non-suit on the ground that the plaintiff had failed to prove either negligence on the part of the defendants or its own freedom from contributory negligence. The court reserved decision and later rendered judgment for the plaintiff. The defendants now bring on this appeal.

The collision occurred on Sixth avenue at the intersection of Fifty-fifth street, in the borough of Manhattan, New York city. The truck was being driven east through Fifty-fifth street and at the time of the accident was crossing the easterly car tracks on Sixth avenue. It was struck toward its rear end by a north bound car running on the tracks which the truck was then crossing. No witness who actually saw the collision was produced, the manager of the plaintiff corporation testifying that he had been unable to find the driver of the truck. Several witnesses, whose attention had been attracted by the collision, testified to the condition of the truck after it had been struck by the car and the position in which it then lay with reference to the tracks and the pillar of the elevated railroad against which it had been thrown. But none of these witnesses had observed the two vehicles prior to the actual collision.

That the collision was a violent one is shown by the testimony of various witnesses. The driver and the helper who was riding on the truck with him were thrown to the ground; the barrels with which it was loaded were strewn about; the horses were thrown down and the harness broken; both hind wheels were shattered into fragments; the hind axle was bent in various directions and a gang of men had to be called to take the vehicle away.

The force of the impact was such as to indicate plainly that the car was moving rapidly at the time, which circumstance has a bearing not only on the question of the defend-

Supreme Court, Appellate Term, March, 1910.    [Vol. 67.

ants' negligence but of the contributory negligence of the plaintiff's driver. The car was evidently not under proper control by the motorman; and the fact of its rapid and unslackened approach would indicate that, when the plaintiff's driver first began to cross the tracks, the car was at such a distance that he could safely cross if the motorman exercised due care.

The case is very similar in its facts to Loudoun v. Eighth Ave. R. R. Co., 162 N. Y. 380, where the collision occurred between two street cars crossing at right angles. In that case the car operated by a cable struck the car drawn by a horse at the rear of the latter car, and the court held that that circumstance alone was sufficient to warrant a finding of the jury that there was no negligence in the operation of the horse car and that there was negligence in the operation of the cable car. At page 387 of the opinion the court used the following language: "How far this circumstance (the fact that the cable car struck the rear end of the horse car) tended to show that the horse car had properly and carefully proceeded over the crossing and that the collision was due not to its fault but to that of the other defendant, was a question of fact for the jury, not of law for the court."

When the same case was in the Appellate Division, 16 App. Div. 152, that court took the same view, making the following observation, at page 155 of the opinion, namely: "The Eighth Avenue car apparently had the right of way, because it was struck at the very rear end of the car, showing that it had almost got across the track of the Third Avenue Railroad before the collision took place. In the absence of any evidence, the necessary conclusion to be drawn from this state of facts was that the Third Avenue Railroad Company was in fault. Its car should have been stopped in order to allow the Eighth Avenue car to complete the crossing of its tracks in safety."

The fact that in the present case the one vehicle was a truck and the other a street car does not affect the reasons which influenced the courts in the Loudoun case. As was held in Buhrens v. Dry Dock, etc., R. R. Co., 53 Hun, 571, the right of street cars at points where their tracks cross

other streets is precisely of the same nature and character as that of other vehicles, and their rights to the street, and the use thereof, in respect to other vehicles, are precisely the same as those of such other vehicles; and there is no necessity for adjudging to them any right of way, as their construction and method of propulsion are in no greater respect interfered with, under such circumstances, than are those of other vehicles. The court in the case just cited, further said (p. 574): "We do not, therefore, concede the claim upon the part of the defendants, that they had a right of way, and that they had a right to assume that the plaintiff would stop to allow their car to pass, but that the plaintiff had a right to assume that the car would give him the way to which he was entitled by the fact of the position which he had attained at the crossing."

We are of the opinion that, under the authorities above referred to, the case made out by the plaintiff was sufficient to warrant the decision made by the trial court in his favor.

The judgment should, therefore, be affirmed, with costs.

DAYTON and LEHMAN, JJ., concur.

Judgment affirmed, with costs.