## THOMAS F. WHITE & CO. v. JOLINE et al.

(Supreme Court, Appellate Term. March 17, 1910.)

STREET RAILROADS (§ 114*)—CROSSING ACCIDENTS—NEGLIGENCE.

In an action for injuries to plaintiff's truck in a collision with defendant's street car, no witness who saw the collision was produced; but several witnesses, whose attention was called to the truck after the collision, testified that the collision was a violent one, that the driver and helper were thrown to the ground, and that barrels with which the truck was loaded were strewn about, the horses thrown down, the harness broken, both hind wheels shattered into fragments, and the hind axle bent in various directions. *Held*, that the force of the impact indicated that the car was moving rapidly at the time and was not under proper control, and was sufficient to establish a prima facie case of the street railroad company's negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 247; Dec. Dig. § 114.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Thomas F. White & Co., a corporation, against Adrian H. Joline and another, receivers of the New York City Railway Company. From a Municipal Court judgment for plaintiff, defendants appeal. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Dexter, Osborn & Fleming (Anthony J. Ernest, of counsel), for appellants.

Alfred J. Talley, for respondent.

GIEGERICH, J. This is an action to recover damages for an injury to a truck belonging to the plaintiff. The truck was injured in a collision with a street car operated by the defendants as receivers of the railway company. The defendants answered the complaint by a denial of all the allegations concerning the injury and the manner in which it was caused. The defendants offered no evidence, but at the close of the plaintiff's case moved for a nonsuit on the ground that the plaintiff had failed to prove either negligence on the part of the

defendants or its own freedom from contributory negligence.. The court reserved decision, and later rendered judgment for the plaintiff. The defendants now bring on this appeal.

The collision occurred on Sixth avenue, at the intersection of Fifty-Fifth street, in the borough of Manhattan, New York City. The truck was being driven east through Fifty-Fifth street, and at the time of the accident was crossing the easterly car tracks on Sixth avenue. It was struck towards its rear end by a north-bound car runing on the tracks which the truck was then crossing. No witness who actually saw the collision was produced; the manager of the plaintiff corporation testifying that he had been unable to find the driver of the truck. Several witnesses, whose attention had been attracted by the collision, testified to the condition of the truck after it had been struck by the car and the position in which it then lay with reference to the tracks and the pillar of the elevated railroad against which it had been thrown. But none of these witnesses had observed the two vehicles prior to the actual collision. That the collision was a violent one is shown by the testimony of various witnesses. The driver and the helper, who was riding on the truck with him, were thrown to the ground; the barrels with which it was loaded were strewn about; the horses were thrown down, and the harness broken; both hind wheels were shattered into fragments; the hind axle was bent in various directions; and a gang of men had to be called to take the vehicle away.

The force of the impact was such as to indicate plainly that the car was moving rapidly at the time, which circumstance has a bearing, not only on the question of the defendant's negligence, but of the contributory negligence of the plaintiff's driver. The car was evidently not under proper control by the motorman, and the fact of its rapid and unslackened approach would indicate that, when the plaintiff's driver first began to cross the tracks, the car was at such a distance that he could safely cross if the motorman exercised due care. The case is very similar in its facts to Loudoun v. Eighth Ave. R. R. Co., 162 N. Y. 380, 56 N. E. 988, where the collision occurred between two street cars, crossing at right angles. In that case the car operated by a cable struck the car drawn by a horse at the rear of the latter car, and the court held that that circumstance alone was sufficient to warrant a finding of the jury that there was no negligence in the operation of the horse car, and that there was negligence in the operation of the cable car. At page 387 of 162 N. Y., at page 989 of 56 N. E., the court used the following language:

"How far this circumstance [the fact that the cable car struck the rear end of the horse car] tended to show that the horse car had properly and carefully proceeded over the crossing, and that the collision was due not to its fault, but to that of the other defendant, was a question of fact for the jury, not of law for the court."

When the same case was in the Appellate Division (16 App. Div. 152, 44 N. Y. Supp. 742) that court took the same view, making the following observation at page 155 of 16 App. Div., at page 743 of 44 N. Y. Supp., namely:

"The Eighth Avenue car apparently had the right of way, because it was struck at the very rear end of the car, showing that it had almost got across

the track of the Third Avenue Railroad before the collision took place. In the absence of any evidence, the necessary conclusion to be drawn from this state of facts was that the Third Avenue Railroad Company was in fault. Its car should have been stopped, in order to allow the Eighth Avenue car to complete the crossing of its tracks in safety."

The fact that in the present case the one vehicle was a truck and the other a street car does not affect the reasons which influenced the courts in the Loudoun Case. As was held in Buhrens v. Dry Dock, etc., R. R. Co., 53 Hun, 571, 6 N. Y. Supp. 224, the right of street cars at points where their tracks cross other streets is precisely of the same nature and character as that of other vehicles, and their rights to the street, and the use thereof, in respect to other vehicles, are precisely the same as those of such other vehicles, and that there is no necessity for adjudging to them any right of way, as their construction and method of propulsion is in no greater respect interfered with, under such circumstances, than are those of other vehicles. The court in the case just cited, further said (page 574 of 53 Hun, page 225 of 6 N. Y. Supp.):

"We do not, therefore, concede the claim upon the part of the defendants that they had a right of way, and that they had a right to assume that the plaintiff would stop to allow their car to pass, but that the plaintiff had a right to assume that the car would give him the way, to which he was entitled by the fact of the position which he had attained at the crossing."

We are of the opinion that under the authorities above referred to the case made out by the plaintiff was sufficient to warrant the decision made by the trial court in his favor.

The judgment should therefore be affirmed, with costs. All concur.