## LINDSEY v. THE STATE.

LUMPKIN, P. J.   1. It is too late, after verdict, to complain that the proper questions were not propounded to jurors while they were being examined on their voir dire.  See *Smith* v. *State*, 63 *Ga.* 168–9.  And were it otherwise, a new trial should not be granted for such a cause when the questions actually propounded were, in substance, the same as those prescribed by the statute, and did not vary therefrom save in immaterial respects as to phraseology.

2. The evidence in this case, though entirely circumstantial, was sufficiently strong and conclusive to warrant a finding that the accused was guilty and to exclude every other reasonable hypothesis.

*Judgment affirmed.  All the Justices concurring, except Fish, J., absent.*

Argued April 23,—Decided May 12, 1900.

Indictment for murder.   Before Judge Reagan.   Spalding superior court.   January term, 1900.

*Thomas W. Thurman,* for plaintiff in error.

*J. M. Terrell,* attorney-general, and  *O. H. B. Bloodworth,* solicitor-general, contra.

---

## NORTH ROME v. HALL.

LEWIS, J.   There being no error of law committed, and the testimony being sufficient to sustain the verdict, this court will not interfere with the discretion of the trial judge in overruling the motion for a new trial. The writ of error, being palpably without merit, must have been sued out for delay only, and damages are accordingly awarded.

*Judgment affirmed, with damages.  All concurring, except Fish, J., absent.*

Argued April 25,—Decided May 12, 1900.

Action for damages.   Before Judge Henry.   Floyd superior court.   August 26, 1899.

*Reece & Denny* and *E. P. Treadaway,* for plaintiff in error.

*W. S. McHenry,* contra.