GREEN *et al. v.* ATLANTA JOINT STOCK LAND BANK.

No. 10810. MARCH 14, 1936.

*T. T. Molnar,* for plaintiffs in error.
*T. J. Methvin* and *James W. Harris,* contra.

BECK, Presiding Justice. The Atlanta Joint Stock Land Bank brought its petition against W. W. Green Sr., W. W. Green Jr., as trustee for his infant son, W. W. Green III, and against the infant, W. W. Green III, alleging that petitioner is the owner of and claims title to a described tract of land in Quitman County; that the defendants are in possession of said tract of land, enjoying the rents and profits therefrom, alleged to be worth $100 per annum; that W. W. Green Sr. executed and delivered to it a

security deed conveying this land, as well as other lands; that after executing the security deed, W. W. Green Sr. executed and delivered to W. W. Green Jr., as trustee for his infant son, W. W. Green III, the described tract of land, and other lands, making the deed subject to the aforementioned security deed; that W. W. Green Sr. defaulted in his payments of installments of principal and interest, as provided in the security deed, and under the power of attorney contained therein petitioner sold the described land before the court-house door, at which sale petitioner became the purchaser, and thereafter petitioner, as attorney in fact for W. W. Green Sr., executed and delivered to itself a deed to the land, and had the said deed duly recorded.

The defendants filed their answer denying that plaintiff is the owner of the land described, and denying that W. W. Green Sr. conveyed this land by security deed. They admitted that W. W. Green Sr. executed and delivered a deed to the land to W. W. Green Jr., as trustee for his infant son, W. W. Green III, but denied that said last-named deed was made subject to the security deed referred to in the petition; and finally denied that the plaintiff had title to the land claimed in its petition. Later the defendants filed an amendment to their answer by way of a cross-action, and charged certain acts on the part of petitioner which amounted to trespass upon defendants' lands; and that plaintiff had forcibly taken possession of the lands, wrongfully and to the damage of defendants. They prayed for punitive damages against the plaintiff. This cross-action and amendment was amended by charging that the action of ejectment was brought in bad faith; that the alleged acts of trespass were fraudulent and malicious; and that the security deed was intended to cover only property to which W. W. Green Sr. had paper title, and not lands to which he claimed title by prescription. The defendants prayed for reformation of the deed, so as to make clear the alleged intention of the parties. The plaintiff demurred to the amended answer and cross-action. The court sustained the demurrer and dismissed the cross-action. On the trial the court directed a verdict in favor of the plaintiff for the land sued for. A motion for new trial was overruled, and the defendants excepted.

■ The evidence shows beyond question that the tract of land in controversy, together with other land, was included in the deed

executed by W. W. Green Sr., prior to the execution and delivery of the deed to W. W. Green Jr., as trustee of his infant son, W. W. III, in which this land was also included. That is the controlling fact in the case, and accordingly the court did not err in directing the verdict for the plaintiff.

■ Nor did the court err in sustaining a general demurrer to the plea and answer of the defendants, in which a reformation of the deed to the plaintiff bank was sought. The plea as amended did not show such fraud upon the part of the grantee in the deed first referred to as would authorize a reformation of that deed.

■ No reversible error is shown in the court's rulings on evidence the admission of which is excepted to; nor is there reversible error in the rulings excluding the evidence which the plaintiffs in error insist should have been admitted. This latter evidence, even if it had been admitted, could not have changed the result, and it afforded no ground upon which the jury could have found in favor of the contentions of the defendants.

*Judgment affirmed. All the Justices concur.*