41923. GEORGIA POWER COMPANY v. McELMURRAY.

ARGUED APRIL 6, 1966—DECIDED JUNE 2, 1966.

*Miller, Miller & Miller, Wallace Miller, Jr.,* for appellant.
*Garland T. Byrd, Dan S. Beeland,* for appellee.

Felton, Chief Judge. 1. The court erred in overruling the plea of accord and satisfaction filed by the Georgia Power Company. The allegations in the plea set forth an accord and satisfaction and the overruling of the demurrers to the plea, and of the objection that it was filed too late made it the law of the case that the plea was filed in time and set forth an accord and satisfaction. Since the allegations of the plea of accord and satisfaction were proved without dispute it follows that the court erred in not granting a judgment n.o.v. as to the plea of accord and satisfaction. As to the real merits of the court's judgment overruling the demurrers to the plea of accord and satisfaction, see *Aetna Casualty &c. Co. v. Brooks*, 218 Ga. 593 (129 SE2d 798). The Act of 1963, p. 643 et seq. (*Code Ann.* § 56-408.1) is not applicable to this case because it was enacted after the insurance policy in this case was written. *Ericson v. Hill*, 109 Ga. App. 759 (137 SE2d 374).

2. The claim of the Georgia Power Company for damages to its automobile was not settled by the settlement of the other claims of the other parties for the reason that the Georgia Power Company was not a party to the other action and was not in a position to claim or collect damages to its automobile. Tompkins Motor Lines, Inc. v. Georgia Broilers, Inc., 260 F2d 830 (4).

3. The court erred, as to a part of the charge on the amount the plaintiff could recover on its action and how much the Georgia Power Company could recover on its cross action, in telling the jury that if it found for the plaintiff its verdict should be for $1,900. The parties made no such stipulation but only stipulated the values of the parties' vehicles before and after the collision. The charge eliminated the consideration of the effect the comparative negligence rule might have on the amount of plaintiff's recovery. This is not to imply that the charge is not subject to additional objections.

4. The court erred in not charging the jury without request that if the plaintiff was guilty of negligence per se, proximately causing defendant's damages, the defendant would be entitled to recover for the reason that he gave such a charge for the plaintiff but did not so charge in behalf of defendant, since the defendant also alleged acts of per se negligence. *Brown v. Ever-*

*ett, Ridley & Ragan Co.,* 111 Ga. 404, 405 (36 SE 813) ; *Whelchel v. Gainesville &c. R. Co.,* 116 Ga. 431 (3) (42 SE 776) ; *Hill v. Hill,* 55 Ga. App. 500, 502 (190 SE 411).

5. Enumerated error number 7 will not be passed on since the alleged error complained of will not likely recur on another trial of the question whether the Georgia Power Company is entitled to recover on its cross action.

6. The court erred in charging that the legal speed limit at the time and place was 35 miles per hour when the undisputed evidence showed it to be 60 miles per hour. This was harmful to the defendant because its servant was admittedly driving its automobile 50 to 55 miles per hour.

7. The alleged errors in the charge, covered in enumerated errors numbers 9 and 10, will not be considered because the alleged errors will not likely recur on another trial of the remaining issue in this case.

The court erred in overruling the Georgia Power Company's motion for a judgment n.o.v. as to the plea of accord and satisfaction and erred in overruling its motion for a new trial. Direction is given that the court enter up a judgment n.o.v. in accordance with the motion therefor.

*Judgments reversed. Frankum and Pannell, JJ., concur.*