### 54599. SMITH v. THE STATE.

BIRDSONG, Judge.

Appellant was convicted by a jury of aggravated assault. During the trial, counsel for appellant assiduously attempted to introduce into evidence self-serving statements made by appellant subsequent to his arrest. Objection to this testimony was sustained. Appellant urges several theories which, he contends, the trial court erred in declining to follow when refusing to admit appellant's statements. *Held:*

1. The evidence reveals that, at some point after his arrest, and after the giving of appropriate Miranda warnings, appellant made a statement which was reduced to writing by the arresting officer. Appellant's counsel sought to cross examine the officer as to oral statements made by the appellant at the time the written statement was prepared, and the trial court, upon objection by the state, ruled that the testimony which appellant's counsel was attempting to elicit amounted to no more than self-serving declarations, and, as such, was inadmissible. Appellant's counsel made no showing to the contrary other than to say, "I don't think it's all that self-serving; I think it's an explanation. . ."

"[I]t is a well-settled principle of law that self-serving declarations, when made by the accused either before or after the time of the commission of the alleged offense, are not admissible." *Dennis v. State,* 216 Ga. 206, 208 (5) (115 SE2d 527) and cits. See *DeFreese v. State,* 232 Ga. 739 (208 SE2d 832); *Teasley v. State,* 202 Ga. 316 (2) (43 SE2d 319); *Weaver v. State,* 137 Ga. App. 470 (224 SE2d 110). Appellant's contentions notwithstanding, Code Ann. § 38-302 simply provides for the admissibility of certain types of *hearsay* evidence, in certain situations, and does not remove the taint of self-serving declarations. The trial court did not err in refusing to admit into evidence appellant's self-serving declarations.

Appellant argues, alternatively, that he was attempting to test the witness' recollection by reading from the signed statement and questioning the witness as to the veracity of each sentence contained therein. Here, however, the end, though permissible, does not justify the means, which are impermissible for the reason that the written statement consisted of appellant's self-serving statements, which, as discussed above, were inadmissible. Alternative means of testing the witness' recollection were available. This enumeration of error is without merit.

2. Appellant assigns as error the trial court's refusal to permit him to do on direct examination that which he was not permitted to do on cross examination. Specifically, appellant contends that the trial court erred in refusing to allow appellant's counsel to question appellant, on direct examination, as to self-serving declarations made by appellant subsequent to his arrest. In support of this contention, appellant relies upon several cases decided before the abolition of the archaic unsworn statement law (Ga. L. 1973, p. 272 et seq.), for which reason they are clearly inapplicable. See *Walker v. State,* 130 Ga. App. 860 (7) (205 SE2d 49). For the reasons discussed in Division 1, this enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Submitted October 5, 1977 — Decided November 15, 1977 — Rehearing denied December 7, 1977 — ▬▬▬▬▬▬

*Jack H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.