60150. WAYCO ENTERPRISES, INC. et al. v. CREWS et al.

BIRDSONG, Judge.

Appellees Lawton Crews and his minor daughter Paula brought suit for physical injuries sustained as a result of a collision between a motorcycle driven by Crews with the child as a passenger and a truck owned by Wayco and operated by its employee. Crews sought damages for medical expenses, past, present and future, pain and suffering, loss of labor and other damages of $150,000 for himself and $350,000 for Paula. Mrs. Crews sought recovery of $15,000 for loss of consortium and $397.60 for lost wages. Appellants admitted liability and the case was tried solely on the issue of damages.

The evidence as to the injuries sustained by Crews and his daughter and the circumstances surrounding the collision was undisputed. Copies of medical bills were admitted without objection. Crews testified on direct examination that he and his daughter still experienced pain. On cross examination, he admitted that at the time of the collision he was suffering from a ruptured disc which had not responded to corrective surgery. It was established that Paula was 11 years old, but nothing appears either in the record or transcript as to the age or life expectancy of Mr. and Mrs. Crews.

The appellees' medical expert testified in detail as to the nature of the injuries sustained by Crews and Paula. He stated that Crews' broken ribs had healed and there would be no disability from that injury; that his fractured pelvis was in a "non-weight bearing area. And, most people get back to a pretty much normal activity after a fracture like this." He also testified that Crews had done very well with his fractured fingers and termed the treatment "a success," but that he would incur dull aching and throbbing pain during inclement weather due to the pelvic injuries and the pain and susceptibility to pain would remain. At the time of trial he was still seeing Crews for treatment of an unrelated injury to another finger and for pain from a previous back injury.

As to Paula, appellees' doctor testified that her fractured leg had healed, although it was permanently scarred; that he had not seen her

since her discharge some months before and that in his opinion her treatment had also been a success. At the time of trial it was too early to make a final determination as to whether the leg fractures would shorten the leg, but she would always be susceptible to barometric pressure changes which would cause pain in the future. Paula's chances of "growth stimulation" from the leg fractures causing shortening of the leg were statistically low, and her parents had not requested any tests to determine whether or not there had been any growth stimulation in the fractured bones.

The jury returned a verdict of $25,000 in favor of Lawton Crews, $55,000 for Paula, and $400 for Mrs. Crews. The appeal is from that judgment and the overruling of appellants' motion for new trial. *Held:*

1. Appellants enumerate as error the charge of the trial court, over objection, as follows:

"Now, the Plaintiffs seek to recover in this case not only for past medical expenses, but for medical expenses which plaintiffs will incur in the future as [a] proximate result plaintiffs contend are the events giving rise to this law suit. If you find that the plaintiffs are entitled to recover and that the evidence shows with reasonable certainty that the plaintiffs will sustain future medical expenses proximately caused by the defendants, who you find liable, and shows with reasonable certainty the amount of such future medical expenses the plaintiffs would be entitled to recover the amount thereof, reduced to [its] present value."

While we are reluctant to reverse a jury verdict, we find this objection to be meritorious. This charge was adjusted neither to the pleadings nor the evidence, for there was nothing to show the need for future medical attention nor to allow the jury to compute future medical expense. Cf. *Daugherty v. Vick,* 127 Ga. App. 767, 769 (3) (195 SE2d 208); *Jordan v. Ensley,* 149 Ga. App. 67, 69 (3) (253 SE2d 414); affd. 244 Ga. 435 (260 SE2d 480). Where no evidence is presented from which the jury can ascertain except by mere speculation and conjecture that the plaintiffs would ever have future medical expenses, a charge on this subject is erroneous. *Clayton County Bd. of Ed. v. Hooper,* 128 Ga. App. 817, 818 (1) (198 SE2d 373) and cases cited.

2. Two enumerations protest charges on recovery by Mrs. Crews for loss of consortium and by Mr. Crews for permanent pain and suffering on the ground that there was no evidence as to the age or life expectancy of either spouse. The charge as to loss of consortium was harmless error since the verdict returned was only for the amount of lost wages sought by Mrs. Crews. Compare *Cody v. Peak,* 113 Ga. App. 676, 677 (2) (149 SE2d 521). Crews sought recovery for past and

present, as well as future, pain and suffering and such damages are determined solely by the enlightened conscience of an impartial jury. *International Assn. &c. Local 387 v. Moore,* 149 Ga. App. 431, 432 (1) (254 SE2d 438) and cits. "A jury verdict cannot be set aside unless it is shown that it was induced by prejudice, bias or corrupt means. [Cits]." *International Assn. &c. Local 387 v. Moore,* supra, at p. 432 (3). There was some evidence of permanent pain and suffering on the part of Crews but it is impossible to determine whether part or all of the award was intended as compensation for future medical expenses as well, which the judge erroneously instructed the jury they might allow. Thus, the case must be reversed and a new trial had as to Lawton Crews and Paula. Upon retrial, we consider it the better practice to admit proof of the plaintiffs' ages and mortality tables, as well as evidence that the injuries as well as the pain and suffering are permanent " 'to aid the jury in dealing with the element of time in their computation of the damages.' " *Atlantic C. L. R. Co. v. Anderson,* 35 Ga. App. 292 (3) (133 SE 63).

3. The appellees' motion to dismiss on the ground that appellants have failed to post a supersedeas bond as ordered by the trial court is denied. *Thornton v. Burson,* 151 Ga. App. 456 (260 SE2d 388). The request to assess the statutory penalty for wilful and deliberate delay by appellants in the bringing of the appeal is likewise denied.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED JUNE 4, 1980 — DECIDED SEPTEMBER 19, 1980.

W. *Grady Pedrick,* for appellants.
*Rudolph J. Chambless,* for appellees.