*John A. Dickerson,* for appellee.

## 62640. BARKSDALE v. THE STATE.

CARLEY, Judge.

Following a jury trial appellant was convicted of robbery and sentenced to serve seventeen years in prison. He brings this appeal from the judgment entered on the jury verdict.

1. Appellant asserts as error that denial of his motion in limine to prohibit introduction by the state of a confession made by appellant on February 1, 1981. Citing Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), appellant urges that this confession was inadmissible because it was the product of a custodial interrogation conducted subsequent to appellant's invocation of his right to counsel.

The record in the instant case reveals that appellant was apprehended and taken into custody by the Sheriff of Chattooga County on the night of January 27, 1981. According to the sheriff, that same night appellant was "advised of his rights, advised of what he was charged with, and placed in jail." The following day, appellant informed the sheriff that he wished to consult with an attorney. Prior to the appointment of counsel on February 9, 1981, appellant made the confession in question.

A Jackson v. Denno hearing was held to determine the voluntariness and admissibility of appellant's confession. At this hearing, the uncontradicted testimony of the officer who obtained the confession was as follows: The officer spoke with appellant on the night of his arrest and on three subsequent occasions, including February 1, 1981. On *each* occasion, these talks were held at the request of the appellant. Prior to making the confession on February 1, 1981 appellant was again advised of his Miranda rights and waived them by signing a "waiver of rights form." The officer further testified that appellant fully understood his rights, that appellant did not request the presence of an attorney, that appellant was not coerced in any manner and that the confession was made without the slightest hope of benefit. Both appellant's wife and mother testified, in essence, that they encouraged appellant to make a confession because they believed that such action would result in a less severe sentence. The appellant testified that he made the confession in the belief that it would help him in his request to have bond set so that he could get out of jail.

After considering the evidence presented at the Jackson v. Denno hearing the trial court ruled that the confession was admissible. This decision was based upon the trial court's findings ". . . by a preponderance of the evidence that the statement attributed to [appellant] by the [officer] was made freely and voluntarily . . . without hope or benefit of reward . . . [appellant] was under no threat or coercion or duress . . . such statements were made freely and voluntarily, *unsolicited* after [appellant] . . . had been fully advised of his constitutional rights under the Miranda warning, that [appellant] was under no mental or physical disability which would render him unable to fully understand and comprehend these rights, that [appellant] understood his rights, and that [appellant] *freely and voluntarily waived these rights,* and that [appellant] was completely aware of what was going on around him."

In the instant case we are confronted with the situation where the appellant invoked his right to counsel and thereafter made a confession without the benefit of counsel. Our determination of whether this confession was properly admitted into evidence is controlled by the recent U. S. Supreme Court decision Edwards v. Arizona, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). Therein, the Court held: "[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. . . . [A]n accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversations with the police." Edwards v. Arizona, supra at 68 LE2d 386 (4).

Applying the foregoing principles to the facts of the instant case, we find no error in the admission into evidence of appellant's confession. The record shows that appellant invoked his right to counsel. However, the record also shows that thereafter appellant himself initiated the conference which resulted in the confession. Prior to this appellant-initiated conference, appellant was advised of his Miranda rights and signed a "waiver of rights form." Thereafter, appellant made the confession. After considering the evidence presented at the Jackson v. Denno hearing, the trial court found the confession to be voluntary and unsolicited, and that appellant understood his right to counsel and knowingly relinquished this right. Edwards v. Arizona, supra at 68 LE2d 385. After a thorough review of the evidence submitted to the trial court, we conclude that the trial court's determinations were not clearly erroneous. *Gates v.*

*State,* 244 Ga. 587, 590-591 (261 SE2d 349) (1979). Therefore, this enumeration is without merit.

2. Appellant asserts that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment to the U. S. Constitution and due process of law by the denial of the right to counsel at the preliminary hearing. Contrary to appellant's contentions, the record shows that prior to preliminary hearing held on January 28, 1981, appellant was advised that no judge with authority to appoint him counsel was available on that particular day and was fully informed as to the possible hazards of proceeding with such a hearing without benefit of counsel. Nevertheless, it appears that appellant was insistent upon his demand for a preliminary hearing on that particular day and signed a waiver of attorney form evidencing his voluntary waiver of his right to counsel at the preliminary hearing. The record is devoid of any evidence that this waiver was anything other than a voluntary and intelligent relinquishment of a known right. Cf. *Dixon v. Hopper,* 237 Ga. 811 (1) (229 SE2d 656) (1976).

Appellant has failed to show that he suffered any harm from the alleged defective preliminary hearing. Appellant did not make any statements at the preliminary hearing which were used by the state at trial. See *State v. Hightower,* 236 Ga. 58, 61 (222 SE2d 333) (1976). Nor does the record show that appellant was injured by the denial of the opportunity to preserve testimony favorable to him. See *Baldwin v. Sapp,* 238 Ga. 597 (234 SE2d 513) (1977). Moreover appellant was subsequently indicted for the offense which was the subject of the preliminary hearing. *Walker v. State,* 144 Ga. App. 838 (1) (242 SE2d 753) (1978).

Under the facts of the instant case, we find no reversible error for any reason urged on appeal. *Williams v. State,* 157 Ga. App. 168 (2) (276 SE2d 852) (1981).

3. During the Jackson v. Denno hearing, counsel for appellant sought to cross-examine the state's witness concerning an exculpatory statement made by appellant on January 27, 1981, prior to appellant's confession on February 1, 1981. The state objected to such questioning on the ground that it sought to elicit evidence of a self-serving declaration. The trial court sustained the objection and appellant enumerates this ruling as error.

"[I]t is a well-settled principle of law that self-serving declarations, when made by the accused either before or after the time of the commission of the alleged offense, are not admissible. [Cits.]" *Dennis v. State,* 216 Ga. 206, 208 (5) (115 SE2d 527) (1960); accord, *Smith v. State,* 144 Ga. App. 294 (241 SE2d 14) (1977). Thus, the trial court did not err in excluding such evidence from the trial in

chief. Nor do we find any reversible error in the exclusion of such evidence from the Jackson v. Denno hearing held in the instant case. While it is true that the trial court must consider the "totality of the circumstances" in determining whether a confession has been made voluntarily (*Pierce v. State,* 238 Ga. 126 (1) (231 SE2d 744) (1977)), we are not aware of any authority which holds that in considering the "totality of the circumstances" the trial court must consider each instance in which the accused was questioned. "[A]fter viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendant's confessions admissible by a preponderance of the evidence." *Gates v. State,* supra, at 244 Ga. 587. See Division 1 of this opinion.

For the foregoing reason this enumeration of error is without merit.

4. Finally, appellant asserts that the trial court erred in denying a motion for mistrial predicated on inadmissible evidence illegally placed before the jury. Following appellant's motion for mistrial, the trial court promptly instructed the jury to disregard the evidence and admonished counsel for the state in the presence of the jury. Thereafter, appellant did not request further instructions or renew his motion for mistrial. "If the defendant's counsel deemed the instruction or admonition of the jury inadequate to remove the harmful effect, it was incumbent upon him to request further instructions or renew his motion for mistrial after the corrective action, which he did not do. [Cit.]. We find no error in the remedial action taken by the court." *Rutledge v. State,* 152 Ga. App. 755, 759 (3) (264 SE2d 244) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 11, 1981 —
REHEARING DENIED FEBRUARY 4, 1982 — ▮▮▮▮▮▮▮

*A. Kristina Cook Connelly, Wade M. Crumbley,* for appellant.
*David L. Lomenick, Jr., District Attorney,* for appellee.