61230. LEWIS TRUCK LINES, INC. v. TYSON.

DECIDED MARCH 20, 1981 — REHEARING DENIED MARCH 31, 1981 —

*Thomas J. Mahoney, Jr.,* for appellant.
*Andrew W. Estes,* for appellee.

DEEN, Presiding Judge.

1. An expert medical witness stated on deposition that he had read the deposition of a medical pathologist. Both these depositions were read to the jury, the witnesses being absent at the time of trial. Under a stipulation that objections to the form of the question should be made at the time the deposition was taken, counsel for the appellant objected at that time to the form of a question on grounds that it assumed facts not in evidence and that there was no basis for the opinion requested. These objections were properly overrruled. It was too late upon the subsequent trial of the case to attempt to have the entire deposition ruled out on the ground that this question, in the form in which it was asked, invited the opinion of the doctor based on the conclusions of the pathologist, which counsel contends violated the rule against sequestration of witnesses. Although we feel these objections also to have been without merit, they are in any event raised too late. This disposes of grounds 5 and 6. As to ground 4, the deposition was replete with opinion evidence, based on medical facts stated by the witness, that the alcohol reading arrived at by the pathologist did not represent the true amount of alcohol present in the body of the deceased. Reasons given were, among others, that only one sampling was made, that it was apparently of clotted blood the serum of which would be higher in alcohol content than that in whole blood, that the location of blood withdrawal was not well chosen for various reasons, and so on. On cross examination the witness agreed that he could not state positively that a reported reading of .31 blood alcohol was erroneous. This admission merely left the degree of credibility to be given his conclusions to the jury. "The conclusion of a medical witness founded on stated facts, although to some degree speculative, is not inadmissible." *Douglas v. Herringdine,* 117 Ga. App. 72 (3) (159 SE2d 711) (1967). Although the question, which stated facts on consideration of which the opinion was requested, also reminded the witness of the pathologist's testimony this is not a sufficient reason for barring the deposition, especially when this objection was not raised at the time. Cf. *Huskins v. State,* 245 Ga. 541 (266 SE2d 163) (1980).

2. It is urged that the trial court should have directed a verdict

for the defendant as a finding was demanded that it was guilty of no negligence. Appellant's driver testified that the motor of his tractor-trailer suddenly failed; he attempted to steer the rig to one side but he did not succeed in getting it off the road; in fact, he indicated there was practically no shoulder on the narrow road. He also testified that the lights of the vehicle went out when the motor failed but came on soon afterward. The night was dark; the road straight. A motorist following the pickup truck driven by plaintiff's decedent saw the rear lights of the truck but no lights on the tractor-trailer, nor was he aware of its presence until the truck crashed into it. There were accordingly conflicts in the testimony from which the jury could have drawn negative inferences. Why the motor failed was not explained. A question of negligence remained in the case and the court cautioned the jury that negligence on the part of the defendant's driver must be proved and in the absence of such proof they must find a verdict for the defendant. The defendant's driver's testimony that there was substantially no road shoulder was contradicted by other witnesses, and in spite of the blood alcohol test showing intoxication of the plaintiff's decedent there was no eyewitness testimony except that he was driving the truck at a proper speed and in a proper manner on his own side of the road. That such facts generally create a jury question see *Tallman v. Green,* 74 Ga. App. 731 (41 SE2d 339) (1947).

*Judgment affirmed. Banke and Carley, JJ., concur.*