70022. THURMOND v. BOARD OF COMMISSIONERS
OF HALL COUNTY.
(330 SE2d 787)

BIRDSONG, Presiding Judge.

Hall County filed a condemnation proceeding to condemn 405.39 acres, for use as a landfill, of a tract of land owned by the condemnee, Charles J. Thurmond. The total tract consisted of 1,664.85 acres, and has been the site of the present landfill for Hall County for 35 years. Thurmond answered and alleged the fair market value of the land taken was $445,929 and consequential damages resulting from the taking was $227,081.20, a total of $723,010.20. A special master found the value of the land taken was $368,904.90 and gave $58,120.93 as consequential damages to the remaining property, for a total award of $427,025.83. Both sides appealed the award to the superior court. The jury found the actual value of the land taken to be $314,177.25 and found no consequential damages or consequential benefits. Judgment was entered on the verdict, and Thurmond brings this appeal. *Held*:

1. Appellant Thurmond has elected not to forward a transcript of the proceedings. Two pages of his testimony are included but provide us little information on critical issues. Thurmond enumerates as error exclusion of testimony of other property owners in the neighborhood on the presence of a landfill near their homes. This issue was argued before the trial court on the motion for new trial and the condemnor's counsel gave as the reason for denial of this portion of the motion that the trial court never ruled on the issue, and assuming that a ruling was made, condemnee made no objection and failed to show the question was relevant and what the testimony of the witnesses would have been. Without a transcript, we cannot assess the correctness of

the decision of the trial court. The burden is upon the party assigning error to show it affirmatively by the record. *Baldwin v. Grimes*, 219 Ga. 68 (131 SE2d 563). Where no transcript is included, an appellate court must assume the evidence was sufficient to support the ruling and judgment of the trial court. *Moore v. Morgan*, 162 Ga. App. 639 (292 SE2d 514).

2. It is contended that C. B. Teal, a juror, was disqualified. Dr. Teal is the Director of the Hall County Health Department. Thurmond argues that Teal was disqualified to serve by virtue of his interest in the outcome of the case, and that Teal failed to disclose his relationship to Hall County. Teal listed his employer as "State of Georgia." Thurmond alleges that Teal has to certify his "budget of $200,000" for the Hall County Health Department to the county commissioners and that the Hall County Health Department is "an arm and creature of Hall County." Hence, he finds Teal to be an agent of Hall County and has an interest in the outcome because if the county does not have to pay so much for the condemned land, it will have more money to fund the health department.

The pretrial order required only that the jurors be qualified as to Thurmond, his counsel, the Hall County Commissioners, and "employees of Hall County. . . ." Dr. Teal's affidavit shows that his correct title is "District Health Director for DHR District 2" which is composed of thirteen counties. He is employed by the State of Georgia's Department of Human Resources and is a member of the Georgia Merit System. His entire salary is paid by the state and he receives no compensation from Hall County. His "office salaries, fringe benefits, travel allowances, rent and utilities are all paid by the State of Georgia." The budget referred to by the condemnee is "funding for the local Hall County Health Services provided by contract between the State of Georgia and Hall County."

" 'Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf *and subject to his control,* and consent by the other so to act.' " (Emphasis supplied.) *Smith v. Merck*, 206 Ga. 361, 368 (57 SE2d 326); Restatement, Agency 2d, § 1. Teal was an employee of the state and was not subject to the control of the Hall County Commissioners. Hence, he was not an agent of Hall County. Furthermore, the pretrial order required only that he be qualified as to whether he was an employee of Hall County. The juror answered truthfully the question propounded, and if counsel wanted to extend the area of coverage for peremptory challenging purposes, he had the opportunity and the right on voir dire. OCGA § 15-12-133. By the exercise of due diligence, he could have discovered the relationship he now contends is disqualifying. The failure to timely exercise due diligence in the voir dire waived the right to assert this allegation of error. See *Brindle v.*

*State*, 125 Ga. App. 298, 299 (187 SE2d 310); accord *Lindsey v. State*, 111 Ga. 833 (1) (36 SE 62); *Sancken Assoc. v. Stokes*, 119 Ga. App. 282 (1) (166 SE2d 924); *Ferguson v. Bank of Dawson*, 53 Ga. App. 309, 311 (185 SE 602).

3. The trial court did not err in denying condemnee's motion for new trial.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 12, 1985.

*Emory F. Robinson*, for appellant.
*Julius M. Hulsey, R. David Syfan*, for appellee.