72603, 72604. CANDLER GENERAL HOSPITAL v. JOINER;
and vice versa.
(349 SE2d 756)

BIRDSONG, Presiding Judge.

In this case the plaintiff Joiner sued Candler General Hospital for injuries received when she, while a patient, fell while walking unassisted.

We granted this appeal to Candler General Hospital of the trial court's order compelling the hospital to fully answer the plaintiff Joiner's interrogatories by stating "the substance of opinions to which each expert is expected to testify and a summary of the grounds for each opinion," pursuant to OCGA § 9-11-26 and, as to each witness, "stating the appropriate standard of care required by *a hospital of similar size and resources* in similar communities and *what actions the witness will testify were taken by the employees of the hospital consistent with this standard."*

The hospital contends it has fully complied with the statute in responding to plaintiff Joiner's interrogatories, and that the trial court's order requires it to "list everything the hospital's employees did right," thus throwing the burden of proof upon defendant hospital and subjecting it to liability for any act inadvertently omitted from such an all-encompassing list, whereas the law has set a broad and flexible standard of care required of hospitals which allows for the introduction of new methods and procedures as technology improves and which is then left up to the jury to apply in each factual circumstance. Further, appellee says such requirement would be burdensome and obstructive, and would inundate the appellate courts with discovery appeals to determine the sufficiency of facts underlying all expert's opinion answers.

Plaintiff Joiner, on cross-appeal, contends the trial court erred in failing to impose sanctions and award attorney fees in its order to compel; that the trial court erred in allowing discovery as to the "locality rule" only, instead of a general standard of care; and erred in doing so ex parte. *Held:*

1. In *Wade v. John D. Archbold Mem. Hosp.*, 252 Ga. 118, 119 (311 SE2d 836), the court held that a physical therapist in a hospital is not bound to such "locality rule" standard of care, because while facilities and services of a hospital may be limited by its size and location, "the judgment of a hospital's physical therapist is not so limited." In *Macon-Bibb County Hosp. Auth. v. Ross*, 176 Ga. App. 221, 223 (335 SE2d2 633) (cert. den.), the subject was alleged negligence of hospital employees in the administration of a drug by use of a drip chamber rather than an IV infusion pump. We held: "Application of the 'locality rule' . . . is misplaced where the question actually concerns the professional judgment of the hospital staff, rather than the adequacy of the facilities of a small hospital." No issue was raised in that case about the hospital facilities, i.e., the availability of the infusion pump. Similarly, no issue is raised in this case about hospital facilities or services, but the issue appears to be the judgment of nurses, which we doubt not is as much subject to accepted standard and professional tutelage and control as is the judgment of a physical therapist. Obviously "facilities and services" which are subject to a

locality rule, are those dictated or controlled by locality, size, and re-source. If the issue is the judgment of employees, as it appears here, such judgment must adhere to a general professional standard of training and qualification if the employee is subject to any. See *Wade*, supra p. 119. A sanitation engineer might not be, but a nurse will be.

2. The statute provides: "A party may, through interrogatories, require any other party to identify [its] expert witnesses . . . to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a *summary of the grounds for each opinion*." OCGA § 9-11-26 (b) (4) (A) (i). (Emphasis supplied.)

The plaintiff Joiner contends she never did require the defendant hospital to "list all the things its employees did right," and that de-fendant hospital is not required to do so by the statute. Plaintiff Joiner never says, however, what she thinks it means. She urges, how-ever, that the statute is so clear and unambiguous that the best fed-eral cases she cites as authority "can find no better language than that set out" in the corresponding statute; that is, they merely re-state the statute, e.g., *Rupp v. Vock*, 52 FRD 111. What this means, we think, is that these federal courts were not prepared to say what the statute means exactly, and hoped the mere incantation of the code would make the problem disappear, as it obviously did, leaving hardly a trace. Mssrs. Wright and Miller seem not to have any insight as to what is required for a party to state a "summary of the grounds" for his expert's opinion. See Wright & Miller, Fed. Prac. & Proc., § 2030. We understand defendant's reluctance to make each of its ex-pert witnesses, including some who were actors in or observers of the event at issue in this case, list every action "the witness will testify were taken by the employees of the hospital consistent with the [proper] standard," for fear of being forced to assume the burden of proof or of omitting to prove something in interrogatory answers which later exposition proves, for given the obvious conflict in its sto-ries, summary judgment would inexorably follow.

The purpose of Section 26 (b) (4) (A) of the Civil Procedure Act has been described as intended "to make available to each party a reasonable time before trial the facts, the opinions, and the reasons for the opinions whom his opponent will call at trial, so that a party may adequately prepare for cross-examination of his opponents' ex-perts." Wright & Miller, Fed. Prac. & Proc.: Civil, § 2030, p. 251 (1970); *Knighton v. Villian & Fassio*, 39 FRD 11 (D.C. Md. 1965). The problem this "pre-trial exchange of materials" was meant to solve is that frequently the only substitute for discovery of experts' valuation materials is "lengthy — and often fruitless — cross exami-nation during trial," Rules of Civil Proc., 48 FRD 487, 503-504. In the federal rules, such complete disclosure of expert evidence in the an-

swers to interrogatories is required because the party cannot obtain more without court order under Fed. Rule 26 (b) (4) (A) (ii). To the contrary, the rule in Georgia (OCGA § 9-11-26 (b) (4) (A) (ii)) specifically allows further discovery of expert witnesses, our legislature not desiring to limit the right to full discovery by deposition. Editorial note, Code Ann. § 81A-126 (Harrison ed.). This fact alone justifies a less detailed and less encompassing answer in interrogatories in any interpretation our courts make of the requirement of Rule 26 (b) (4) (A) (i). We think an expert's answers to interrogatories are not required to list everything of defendant's case, when the plaintiff has further full discovery and cross-examination opportunities as a statutory matter of right.

Nevertheless, we are called upon to say what is required by the provision as to a "summary of the grounds for each [expert's] opinion."

The Advisory Committee Notes to the federal rule, state that "the subdivision [26 (b)' (4) (A) (i)] does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. *Such an expert should be treated as an ordinary witness.*" (Emphasis supplied.) Rules of Civil Proc., Notes, 48 FRD 487. The Georgia rule provides OCGA § 9-11-26 (b) (4): "TRIAL PREPARATION; EXPERTS. Discovery of facts known and opinions held by experts, otherwise discoverable under paragraph (1) of subsection (b) of this Code section and *acquired or developed in anticipation of litigation or for trial,* may be obtained only as follows: [(A) (ii) and ii]." (Emphasis supplied.) An "expert witness" who is in fact an actor or observer of the subject matter of the suit, and not one merely whose knowledge of the facts and opinions held were "acquired or developed in anticipation of litigation or for trial" (id.) is therefore not subject to the requirements of the paragraph, whatever they may be.

The expert opinion of an actor or observer of the event will be based on such events as he testifies did or did not occur in fact. But an expert witness whose "facts [are] known and opinions [are] held . . . and acquired or developed in anticipation of litigation or trial" may be required to state the subject matter and substance of facts and opinions to which he will testify and a "summary of the grounds for each opinion" because the opponent should know what facts and grounds he has assumed. His opinion will be based on the facts he is given, and does not constitute a commitment by the defendant to prove by this witness every action that was taken in the event. But it is necessary to know what facts he is given, i.e., what facts he has assumed, and the statute requires him to state a "summary of the grounds for each opinion," which means a statement of scientific or

professional grounds only in the most general terms. This requirement applies only to an expert whose knowledge of facts and opinions is acquired through preparation for trial. He is not usually in a position to testify as to what actions were taken by the defendant or its employees. He can reliably only summarize the grounds for his opinion of the facts he has been given or has acquired, that is, by "grounds" meaning the scientific or professional basis for his opinion.

As noted above, the liberal provision in Georgia in paragraph (ii) of the section for further discovery as a matter of right would weigh against requiring too strict or detailed statement by expert witnesses in the interrogatory answers.

The trial court erred in applying Section 9-11-26 (b) (4) (A) (i) to witnesses who were actors or observers of the event by requiring each such expert witness "to state what actions the witness will testify were taken by the employees of the hospital consistent with the [proper] standard" upon the misapprehension that Section 26 (b) (4) (A) (i) requires it. As to expert witnesses who were not actors or observers, a very general summary of *scientific or professional* grounds is sufficient, since the opponent has further discovery through full depositions and cross-examinations.

3. The defendant answered three times without stating the addresses of its witnesses as required by the plaintiff. It seems to us this lapse, if only by repetition, may be wilful; the defendant pleaded, finally, only that these people "guard that information jealously"; we cannot find this to be any justification for refusing to reveal them to the court and plaintiff. The trial court held it would not impose sanctions and require payment of attorney fees because the issue decided was "a close question," but this obviously referred to the requirements of § 9-11-26 (b) (4) (A) (i) discussed above. The matter of defendant's providing its witnesses' addresses is not a close question, and we can only conclude the trial court committed an oversight in failing to rule upon the request for sanctions and attorney fees for defendant's repeated refusal to provide them.

Accordingly, this case is remanded for that determination and for further proceedings below not inconsistent with this opinion.

*Judgment affirmed in part and reversed in part and case remanded. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 10, 1986 —
REHEARINGS DENIED OCTOBER 7, 1986

*Frank W. Seiler, Wiley A. Wasden III*, for appellant.

*Robert P. Killian*, for appellee.