A89A0291. GUSKY v. CANDLER GENERAL HOSPITAL, INC.
(385 SE2d 698)

McMURRAY, Presiding Judge.

On July 1, 1980, plaintiff Leila Mae DuFour Gusky consulted physician Kessler to have a head injury examined, diagnosed and treated. As a result of his examination, Dr. Kessler scheduled plaintiff for a CAT (computerized axial tomograph) scan examination at a hospital operated by defendant Candler General Hospital, Inc., on July 3, 1980. Before the scheduled time for plaintiff's CAT scan, the CAT scan machine at defendant's hospital became inoperable and plaintiff's appointment was rescheduled for July 10, 1980. On July 4, 1980, after plaintiff began having convulsions, she was transported by ambulance to defendant's hospital where the CAT scan machine was still inoperable. Shortly thereafter, plaintiff was transported to another local hospital where a CAT scan was conducted which revealed that she

had a very large right-side subdural hematoma. Despite immediate surgery to remove the hematoma plaintiff suffered severe permanent mental and physical injury which has left her totally disabled.

Plaintiff, acting through her next friend and guardian, filed an action against Dr. Kessler and against defendant Candler General Hospital, Inc. Prior to trial, plaintiff's action against Dr. Kessler was settled leaving the hospital as the sole remaining party defendant. Upon the trial of the case the jury returned a verdict in favor of the defendant hospital and plaintiff appeals. *Held*:

1. In her third enumeration of error, plaintiff contends the trial court erred in its pretrial order and in its charge to the jury by ruling that defendant was held to the "locality rule" standard of care rather than the "general" standard of hospital care. "The 'locality rule' states that a hospital owes to its patients only the duty of exercising ordinary care to furnish equipment and facilities reasonably suited to the uses intended and such as are in general use in hospitals in the area. See *Emory Univ. v. Porter*, 103 Ga. App. 752, 755 (120 SE2d 668). See also *Smith v. Hosp. Auth. of Terrell County*, 161 Ga. App. 657 (288 SE2d 715)." *Hodges v. Effingham County Hosp. Auth.*, 182 Ga. App. 173 (1) (355 SE2d 104). "[T]he underlying rationale for the 'locality rule' is that the care a small hospital can provide is limited by its location and resources." *Wade v. John D. Archbold Mem. Hosp.*, 252 Ga. 118, 119 (311 SE2d 836). The "locality rule" is applicable only where the plaintiff is questioning the adequacy of the services of facilities of a hospital. Where the plaintiff questions the professional judgment of the hospital's employee, such judgment must adhere to a general professional standard of training and qualification if the employee is subject to any. *Wade v. John D. Archbold Mem. Hosp.*, 252 Ga. 118, 119, supra; *Candler Gen. Hosp. v. Joiner*, 180 Ga. App. 455, 456 (1), 457 (349 SE2d 756); *Hodges v. Effingham County Hosp. Auth.*, 182 Ga. App. 173, 174, supra.

In the case sub judice, plaintiff's amended recast complaint alleges that on July 3, 1980, plaintiff presented herself at the defendant hospital, for the CAT scan scheduled on that date, and was informed that the CAT scan machine was inoperative and that the CAT scan requested by Dr. Kessler would have to be rescheduled. Plaintiff avers that defendant negligently failed, in performing its administrative and clerical duties, to notify Dr. Kessler that the CAT scan was not then available and could not be and was not provided plaintiff as scheduled on July 3, 1980, so that Dr. Kessler could have made arrangements for a CAT scan to be performed at one of the other two hospitals located in Chatham County that provided the same diagnostic CAT scan procedure or in the alternative, defendant negligently failed, in performing its administrative and clerical duties, to make arrangements for the CAT scan to be conducted on July 3, 1980, a

one of the other two said hospitals. Plaintiff alleges that in this manner plaintiff was negligently denied by defendant a determination on July 3, 1980, of whether plaintiff was in need of treatment and that, by reason of the negligence of defendant in carrying out plaintiff's physician's instructions and in performing its administrative and clerical acts that required no medical judgment, defendant is responsible to plaintiff for damages resulting from said negligent acts.

Plaintiff's allegations are questioning the judgment of those employees of defendant responsible for formulating and implementing the procedures for scheduling patients for the CAT scan machine. Plaintiff does not suggest that the defendant's employees' alleged failure to communicate with Dr. Kessler concerning their inability to conduct the CAT scan as scheduled arose from any lack of resources. Indeed, it appears that such would have required only a brief telephone call. Instead, plaintiff's allegations suggest negligence on the part of defendant's employees as the cause of the failure to communicate with Dr. Kessler.

It follows that the trial court erred in concluding in its pretrial order that the "locality rule" was the appropriate standard of care to be applied in the case sub judice. *Wade v. John D. Archbold Mem. Hosp.*, 252 Ga. 118, supra; *Hodges v. Effingham County Hosp. Auth.*, 182 Ga. 173, supra; *Candler Gen. Hosp. v. Joiner*, 180 Ga. App. 455, supra; *Johnson v. Wills Mem. Hosp. &c.*, 178 Ga. App. 459 (343 SE2d 700). See also *Swindell v. St. Joseph's Hosp.*, 161 Ga. App. 290, 291 (1) (291 SE2d 1). Unless modified, a pretrial order controls the subsequent course of the action. Thus, in addition to precipitating an erroneous jury charge on the locality rule, the trial court's pretrial order served to bar the introduction of evidence by plaintiff and a charge to the jury in regard to the correct general standard of care. As such errors were harmful to plaintiff, the judgment of the trial court must be reversed.

2. Certain evidence of benefits received by plaintiff from collateral sources was admitted at trial on the assumption that such was admissible under OCGA § 51-12-1 (b). However, during the course of the trial in the case sub judice, the Supreme Court of Georgia rendered its decision in *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273), holding that OCGA § 51-12-1 (b) was not to be given retroactive effect. Since the events of the case sub judice predate the effective date of OCGA § 51-12-1, the trial court undertook to correct the resulting error by instructions to the jury to disregard certain payments to plaintiff.

Plaintiff's first enumeration of error contends that those instructions to the jury were insufficient to eliminate the prejudicial effects of the collateral source evidence. However, since we must reverse on other grounds and this issue is unlikely to recur on another trial of

524

the case, this enumeration of error is moot and need not be decided. *City of Jefferson v. Maddox*, 116 Ga. App. 51 (2) (156 SE2d 553); *Georgia Power Co. v. McElmurray*, 113 Ga. App. 789, 795 (5) (149 SE2d 740).

3. Plaintiff's second enumeration of error contends the trial court erred in its pretrial order and by permitting defendant to present testimony of how the settlement proceeds received by the plaintiff from former co-defendant, Dr. Kessler, could be invested to insure or finance future benefits of an annuity. Expert testimony as to annuities which could be purchased with the settlement proceeds is irrelevant as it is antithetical to the requirement stated in *Jones v. Hutchins*, 101 Ga. App. 141, 149 (113 SE2d 475), that future pecuniary damages are to be reduced by the jury to the present value. Such evidence may also serve to circumvent OCGA § 51-12-13 which requires that future amounts be reduced to present value upon the basis of interest calculated at 5 percent per annum. Thus, the trial court erred in including a provision in the pre-trial order allowing such evidence.

4. Plaintiff next enumerates as error the trial court's allowing defendant to read the deposition of Gibson. The plaintiff in a motion in limine made objections to certain portions of the deposition on the ground that it contained inadmissible hearsay. Plaintiff's motion in limine was denied and at trial defendant was allowed to read the deposition in its entirety.

At the time that the deposition was taken, it was stipulated that any objections not made at the time of the deposition would be waived, because the deposition was being taken for use at trial. In view of this stipulation, plaintiff's failure to raise any hearsay objection during the deposition must be viewed as a waiver of the right to object at trial. *Lewis Truck Lines v. Tyson*, 158 Ga. App. 149 (279 SE2d 338).

5. The trial court did not err in excluding certain hearsay testimony of witnesses Graves and Smith. Contrary to plaintiff's contentions, this evidence, which consisted of self-serving declarations of plaintiff, was not admissible under OCGA § 24-3-2 which "does not remove the taint of self-serving declarations." *Smith v. State*, 144 Ga. App. 294 (241 SE2d 14). See also *Arp v. State*, 249 Ga. 403, 404 (291 SE2d 495).

6. Plaintiff contends the trial court erred in refusing to charge the jury that she was entitled to seek certain future special damages in the form of expenses of placing her in a specially equipped private home rather than a nursing home. To warrant future medical expenses, there must be evidence that the injury will require that future medical attention. *Wayco Enterprises v. Crews*, 155 Ga. App. 775, 776 (1) (272 SE2d 745); *Bennett v. Haley*, 132 Ga. App. 512, 514 (1) (208 SE2d 302); *Daugherty v. Vick*, 127 Ga. App. 767, 769 (3) (195 SE2d

208); *Georgia Power Co. v. Watts*, 56 Ga. App. 322, 324 (4) (192 SE 493). In the case sub judice, plaintiff failed to establish any medical need for a specially equipped home for herself. The charge at issue was not authorized by the evidence and the trial court did not err in refusing this requested charge. *F.A.F. Motor Cars, v. Childers*, 181 Ga. App. 821, 824 (354 SE2d 6); *Daugherty v. Vick*, 127 Ga. App. 767, 769, supra.

7. Punitive damages may be awarded only when a defendant acts maliciously, wilfully ·or with such gross negligence as to indicate a wanton disregard of the rights of others. Mere negligence, although gross, will not alone authorize the recovery of punitive damages. *Community Fed. Savings &c. Assn. v. Foster Developers.*, 179 Ga. App. 861, 865 (2) (348 SE2d 326). There is no evidence in the case sub judice sufficient to warrant the imposition of punitive damages against defendant, therefore, the trial court did not err in dismissing plaintiff's claim for punitive damages after plaintiff rested and withholding the issue of punitive damages from consideration by the jury. *Community Fed. Savings &c. Assn. v. Foster Developers*, 179 Ga. App. 861, 865 (2). supra.

8. Plaintiff contends the trial court erred in allowing defense counsel to make the "community argument" in his closing argument. While ·apparently plaintiff contends that defense counsel's argument urges the jury to consider prejudices irrelevant to the case and outside the proof presented at trial, such an understanding cannot be reasonably drawn from the defense arguments at issue. This enumeration of error is without merit.

9. Plaintiff enumerates as error the exclusion of certain proffered rebuttal evidence. The trial court did not err in refusing to allow witnesses Graves and Smith to be recalled as rebuttal witnesses to testify to the fact that plaintiff went to defendant hospital on July 3, 1980. Witness Graves had already testified to this fact, therefore, any error in the exclusion of such cumulative testimony was harmless. *Davis v. Wing*, 72 Ga. App. 380 (3) (33 SE2d 725). The proffer of the testimony of witness Smith could have only been an attempt to elicit inadmissible testimony which had been previously excluded. (See Division 5 of this opinion.)

Plaintiff also contends that the trial court erred in refusing to permit the introduction of the deposition of witness Massey, as rebuttal evidence, to contradict the trial testimony of Massey as to the procedure used in scheduling and rescheduling CAT scan procedure. However, since consideration of this contention requires a review of the evidence at issue and the record designated by plaintiff contains neither the trial testimony nor the deposition of witness Massey, this · contention presents nothing for review. *Thurmond v. Bd. of Commrs., Hall County*, 174 Ga. App. 570 (1) (330 SE2d 787).

*Judgment reversed. Carley, C. J., Banke, P. J., Pope and Benham, JJ., concur. Sognier, J., concurs in Divisions 1, 2, 4, 5, 6, 7, 8, and 9, and dissents as to Division 3. Deen, P. J., Birdsong and Beasley, JJ., dissent.*

BEASLEY, Judge, concurring in part and dissenting in part.

I respectfully dissent because of the holding in Division 1 of the opinion, regarding the "locality" charge.

1. The trial court order on various pretrial motions ruled that "as to the Defendant Candler General Hospital the locality rule will be the standard applied in this case. *Johnson v. Wills Memorial Hospital and Nursing Home*, 178 Ga. App. 459 (343 SE2d 700) (1986). The Plaintiff's motion to disallow expert testimony by the Defendant's witnesses as to the locality standard is denied. Accordingly, it will be incumbent upon the Plaintiff to prove at trial by expert testimony a deviation from the locality rule as to the claims asserted against Candler. Likewise, the Defendant may introduce expert testimony that the required standards were adhered to. *Candler General Hospital v. McNorrill*, 182 Ga. App. 107 at 111."

At the trial the court charged the jury: "although it is the function of the jury to say whether a particular result was caused by negligence, you must evaluate the actions of Candler and its employees by a standard test. You are not permitted to set up and use an arbitrary or artificial standard by which to judge this matter. The proper test is the so-called locality rule, which says that the actions of Candler and its employees must be judged by the standard of what is reasonable for similar hospitals in the same or similar communities. It is the plaintiff's burden to prove by expert testimony that Candler or its employees deviated from the standard of care for the same or similar localities. If the plaintiff fails to show such a lack of reasonableness under the locality standard, then you must return a verdict in behalf of Candler."

The general standard of care and not the "locality" standard may well be applicable when the claim is that hospital employees were negligent in failing to perform and in performing administrative and clerical duties, rather than that the services or facilities of the hospital were inadequate.

However, appellant has not shown harm by the pretrial ruling or the court's charge to the jury on this point. In order for this to be harmful to the plaintiff-patient, it must be shown that there was expert evidence presented on what the local standard was, and it must appear to the appellate court that it was less stringent a standard than the general standard. Otherwise there is no distinction drawn between the two standards and we cannot conclude that the jury applied a standard different from the general one. It may be that as to

the particular duties allegedly breached here, the standard is the same. See *Kellos v. Sawilowsky*, 254 Ga. 4 (325 SE2d 757) (1985) (attorney's standard of care same statewide as nationwide).

In any case, we cannot conclude from the record before us that the jury did not apply what would be the general standard of care when determining whether the hospital employees were negligent. Appellant has not supported this enumeration of error "by a reference to the page or pages in the transcript where the evidence may be found." Rule 15 (c) (3) (ii). Even if we had the whole transcript, which we do not, we would not be obliged to search through it for such evidence. *Dugger v. Danello*, 175 Ga. App. 618, 620 (2) (334 SE2d 3) (1985). Compare *Justice v. Dunbar*, 244 Ga. 415 (260 SE2d 327) (1979). Moreover, it is appellant's obligation to provide all of those portions of the record necessary for showing that the court erred as enumerated. (OCGA §§ 5-6-37; 5-6-41 (c); 5-6-42; *Thurmond v. Bd. of Commrs., Hall County*, 174 Ga. App. 570 (1) (330 SE2d 787) (1985), citing *Baldwin v. Grimes*, 219 Ga. 68 (131 SE2d 563) (1963).

In deciding whether or not an error of law was made by the trial court in a jury charge, the appellate court cannot consider the charge in isolation, separated from the evidence. Its relationship to the evidence is crucial to whether or not it constituted harmful, reversible error as well as to whether it correctly stated a principle of law. See *Lockard v. Davis*, 169 Ga. App. 208, 210 (2) (312 SE2d 194) (1983); *Weaver v. State*, 67 Ga. App. 692 (2) (b) (21 SE2d 542) (1942).

Unless appellant shows *harmful* error, we cannot reverse. *Leverett v. Flint Fuel*, 183 Ga. App. 75, 78 (3) (357 SE2d 882) (1987).

2. Having taken this position with respect to Division 1, I would have to reach the merits of the enumeration of error regarded as moot in Division 2. However, to do so in this dissent would serve no useful purpose.

3. With respect to Division 3, error in the before-trial evidentiary rulings would be harmless unless the same error were committed at trial. Appellant does complain in her enumeration about the allowance of trial testimony as well as about the pretrial ruling, so she has properly presented the question. It is the evidence which the jury has or does not have that counts here. Since the evidence complained of relates only to the measure of damages, and the verdict was for defendant, the legal issue on appeal need not be reached. *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510) (1989). I must for this reason dissent with respect to this division also.

4. I concur in Divisions 4 through 9, which in the final analysis leads to the conclusion that a new trial is not required unless a consideration of the merits of the enumeration treated in Division 2 demands it.

I am authorized to state that Presiding Judge Deen and Judge

Birdsong join in this opinion and that Judge Sognier joins in Division 3 of this opinion.

DECIDED JULY 14, 1989 —
REHEARING DENIED JULY 28, 1989. —

*Joseph B. Bergen, Frederick S. Bergen, John J. Sullivan,* for appellant.
*Frank W. Seiler, Bouhan, Williams & Levy, Peter D. Muller, Joseph A. Mulherin III,* for appellee.