A91A1246. MILLER et al. v. JENKINS.
(412 SE2d 555)

ANDREWS, Judge.
The Millers filed a complaint for the wrongful death of their 23-year-old son arising out of his automobile accident with Jenkins. The case was tried by a jury which returned a verdict in favor of the Millers for $108,868. The Millers appeal and seek a retrial on the issue of damages.

1. In their first six enumerations of error, the Millers claim that the trial court failed to properly instruct the jury regarding the measure of damages in a wrongful death suit. As a general enumeration, the Millers contend that the trial court failed to adequately charge the jury regarding the intangible value of a decedent's life in a wrongful death suit.

The trial court charged the jury with the superior court judge's pattern charge on the value of a decedent's life in a wrongful death suit. The language of that instruction parallels OCGA § 51-4-1 and states: "The full value of the life of the deceased, as shown by the evidence, is the full value of the life of the deceased without deduction for necessary or other personal expenses of the deceased if he had lived. You should consider the gross sum deceased would have earned to the end of his life, had he not been killed, reduced to its present cash value in determining the amount of the full value of the

life of the deceased. However, the full value of the life of the deceased is not limited to the amount of money he could have or would have earned had he not been killed." The trial court also charged the jury regarding the mortality table with which the jury was provided. Both the Millers' general and specific enumerations of error argue that the trial court erred in failing to instruct the jury with the non-economic specific factors which comprise the "full value of the life of the deceased."

The "full value of the life of the decedent" consists of two elements, the economic value of the deceased's normal life expectancy and the intangible element incapable of exact proof. See Cobb and Eldridge, Georgia Law of Damages, p. 714 § 37-2; see generally *City of Macon v. Smith*, 117 Ga. App. 363 (8) (160 SE2d 622) (1968). Therefore, "[i]n arriving at the value of the life of the decedent 'the jury is not bound to find that lifetime earnings reduced to present value is the full value of the life of the decedent, but such is an aid only to the jury in making such determination.' " (Citations omitted.) *A-1 Bonding Svc. v. Hunter*, 125 Ga. App. 173, 180 (5) (186 SE2d 566) (1971). The intangible factors which supplement the economic value to comprise the "full value of the decedent's life" elude precise definition, particularly in situations such as the instant one in which the decedent was employed and thus a basis exists for determining the loss. Compare *Reliance Ins. Co. v. Bridges*, 168 Ga. App. 874, 886 (15) (311 SE2d 193) (1983). The instructions here, combined with the mortality table and instruction given regarding its use, adequately and fully charged the jury regarding the measure of damages in this case. The failure to charge the jury with more particularity concerning the intangible factors was not harmful error. *Bulloch County Hosp. Auth. v. Fowler*, 124 Ga. App. 242 (3) (183 SE2d 586) (1971).

In addition to their general claims, the Millers claim that the trial court erred by failing to charge the jury as they requested in their requests numbered 28, 29, 31 and 33. The Millers' argument regarding charge number 33 is without merit since the charge was not included in the record and there is nothing presented for review. *Green v. Gaydon*, 174 Ga. App. 796, 797 (2) (331 SE2d 106) (1985).

The Millers' contentions regarding the failure to give the other requested charges are also without merit. "It is not error to refuse to give a requested charge when the jury is accurately and fully charged on the relevant law for the issue covered by the requested charge." *Brooks v. Coliseum Park Hosp.*, 187 Ga. App. 29, 34 (369 SE2d 319) (1988).

2. In another enumeration of error, the Millers, citing *Gusky v. Candler Gen. Hosp.*, 192 Ga. App. 521 (385 SE2d 698) (1989), claim that the trial court erred in allowing evidence and argument concerning "investment strategy" in violation of OCGA § 51-12-13. After re-

viewing the record, we find no merit in this argument since there was no reference to "investment strategy" as prohibited by *Gusky*. Furthermore, even if the improper argument was made, " ' "appellant[s] failed to carry the burden of proving that the admission of the evidence was unduly prejudicial to [their] rights." ' " *Kelley v. Foster*, 192 Ga. App. 95 (383 SE2d 646) (1989).

3. Finally, the Millers claim that the trial court erred in permitting Jenkins' counsel to argue that the absence of intentional misconduct was a factor to be considered in their award. We find no harmful error and this enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 30, 1991 —
RECONSIDERATION DENIED NOVEMBER 18, 1991 — 

*Doremus, Jones & Smith, Bobby T. Jones, Julian B. Smith, Jr.*, for appellants.

*Fulcher, Hagler, Reed, Hanks & Harper, James W. Purcell, David P. Dekle*, for appellee.